This is a consumer credit case involving application of the Alabama Mini-Code (§§ 5-19-1 to -31, Code of Alabama 1975), and the federal Truth-in-Lending Act (15 U.S.C.A. §§ 1601-1667
(West 1982)). Defendant below, Tommie L. Edwards, appeals from summary judgment granted Alabama Farm Bureau Mutual Casualty Insurance Company (Farm Bureau).
Tommie Edwards was an uninsured motorist involved in an accident with a motorist insured by Farm Bureau. The amount of damages to the insured's vehicle was $2,544. On March 16, 1979, Edwards signed an installment note promising to pay Farm Bureau the $2,544, plus a finance charge, in exchange for a conditional release signed by Farm Bureau enabling Edwards to retain possession of his car tags. The finance charge on the note was $1,424.16 (an annual percentage rate of 13.69%). The note obligated Edwards to pay eighty-four monthly installments of $47.24 each.
On April 12, 1982, Farm Bureau filed a complaint against Edwards in the District Court of Montgomery, seeking $3,873.68 due on the note plus an attorney's fee of $581.00 and costs of $32.00. On May 4, 1982, Edwards filed an answer and counterclaim alleging violations of the Truth-in-Lending Act,supra, Regulation Z (12 C.F.R. § 226 (1981)), and the Alabama Mini-Code, supra. On July 21 the district court granted judgment in favor of Farm Bureau.
On appeal taken by Edwards to the circuit court, Farm Bureau amended its complaint by deleting its claim for finance charges and attorney's fees. Thus, in circuit court Farm Bureau sought only the unpaid principal, $2,449.52. On August 31, 1982, the circuit court granted Farm Bureau's motion for summary judgment and entered judgment for Farm Bureau for $2,449.52. The circuit court denied Edwards' motion to alter, vacate or amend the summary judgment, and this appeal followed.
The first issue raised on appeal is whether the note executed by Edwards and Farm Bureau is a consumer credit transaction subject to the provisions of the Truth-in-Lending Act and the Alabama Mini-Code. If so, the court should have considered Edwards' counterclaim, and the grant of summary judgment was improper.
The trial court granted summary judgment below on the basis that the note was not a consumer transaction. Farm Bureau argues on appeal, as it did successfully below, that the note was not issued for a consumer purpose. Credit was extended for repayment of damages caused by Edwards' negligent operation of his motor vehicle. Farm Bureau argues such is not a "personal, family, household or agricultural" purpose, as is required by the Truth-in-Lending *Page 748 
Act and the Alabama Mini-Code. 15 U.S.C.A. § 1602 (h) (West 1982); § 5-19-1 (2), Code 1975. Farm Bureau cites no authority in support of its argument, and we find no cases dealing with this specific issue.
Section 5-19-1 (2), Code 1975, defines "consumer" as used in the Alabama Mini-Code:
 "Such term, when used as an adjective with reference to a credit transaction, characterizes the transaction as one in which the party to whom credit is extended by loan, sale of property or services, lease or otherwise is a natural person and the money, property or services which are the subject of the transaction are primarily for personal, family, household or agricultural purposes."
The relevant section of the Truth-in-Lending Act,15 U.S.C.A. § 1602 (h) (West 1982), is essentially the same.
We find Farm Bureau's argument to be without merit. There is no dispute that Farm Bureau extended credit to Tommie Edwards; that credit was extended in order to satisfy the personal debt Edwards incurred by agreeing to pay damages arising from the negligent operation of his motor vehicle. Such extension of credit and acceptance of notes was a common practice by Farm Bureau in the exercise of its subrogation rights after payments to its insureds. Having extended credit to a natural person for the purpose of satisfying a personal debt, Farm Bureau was subject to the various provisions of the Truth-in-Lending Act and the Alabama Mini-Code. Id.
In reviewing the trial court's ruling on Farm Bureau's motion for summary judgment, "we must determine whether there exists any genuine issue of material fact and, if not, whether the substantive law was correctly applied to undisputed facts."Watts Construction Co. v. Cullman County, 382 So.2d 520, 522
(Ala. 1980). The trial court incorrectly decided that the Truth-in-Lending Act and the Alabama Mini Code did not apply to the transaction involved herein. The judgment of the trial court is therefore due to be reversed and the case remanded for a full hearing on Farm Bureau's claim and Edwards' counterclaim.
The first issue being dispositive of the appeal, we find it unnecessary to discuss Mr. Edwards' other arguments.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.