ROBERTSON, Judge.
This case questions the trial court’s determination of reasonable attorneys’ fees in Truth-In-Lending litigation.
The specific facts underlying the original dispute in this case were reported in detail in earlier opinions and are pretermitted here. Edwards v. Alabama Farm Bureau Mutual Casualty Insurance Co., 453 So.2d 746 (Ala.Civ.App.1983); Edwards v. Alabama Farm Bureau Mutual Casualty Insurance Co., 509 So.2d 232 (Ala.Civ.App.1986), cert. quashed, 509 So.2d 241 (Ala.1987).
After protracted litigation, Mr. Edwards prevailed against Alabama Farm Bureau Mutual Casualty Insurance Company (Farm Bureau) in the amount of approximately $3500 plus costs and reasonable attorneys’ fees. Mr. Edwards then filed his application for attorneys’ fees and expenses with the Montgomery County Circuit Court requesting $75,301.56 in attorneys’ fees and $722.78 in expenses. Farm Bureau vigorously opposed the amounts in *490 the application. After reviewing the evidence submitted, the trial court ordered attorneys’ fees for Mr. Edwards in the amount of $9000. From that judgment, Mr. Edwards appeals.
The only issue appellant raises on appeal is whether the trial court erred in reducing by 88% the amount of statutory attorneys’ fees he requested.
Counsel for the appellant contends that the $9000 awarded by the trial court in this case is so unreasonable as to be “a clear error of law ... alternatively, it was a grievous abuse of discretion and patently incorrect.” Appellant contends that the evidence shows he is due a larger figure in attorneys’ fees. He asserts that the evidence he presented to the trial court fully supports the amount of fees he requested and that Farm Bureau presented no evidence to justify a reduction. Specifically, appellant contends that his lead counsel, Robert J. Yarley, expended 461.05 billable hours on the case and requests $125 per hour for his representation. Further, he contends that Shirley D. Howell, original counsel, expended 29 billable hours at an hourly rate of $90.
Appellant provided the trial court detailed time records indicating date, task, and time required for each attorney. It is undisputed that the case was in litigation for almost six years, including two appeals to this court, before final resolution. Both Mr. Varley and Ms. Howell were paid employees of Legal Services Corporation of Alabama during the time they represented appellant. They assert that none of the attorneys’ fees awarded would go to them personally, but rather would be used to ensure the availability of free, high-quality legal services to persons of low income such as the appellant.
Appellant also presented the trial court supporting affidavits from four Montgomery attorneys he claims are familiar with the facts and law in this case. They support appellant’s position as to the complexity of the case, the number of hours expended, reasonable hourly rates, and Mr. Var-ley’s legal expertise in the areas of consumer credit, the Truth in Lending Act and the Alabama Mini-Code.
In opposition to appellant’s claims, Farm Bureau submitted affidavits from Montgomery attorneys who claimed to be familiar with the facts and applicable law in this case. The affidavits opposed appellant’s position by asserting that the amount of time expended by counsel for the appellant was unreasonable in light of possible recovery and that the hourly rate claimed was excessive and not a customary hourly rate charged by attorneys in the community for similar litigation. Further, two affidavits asserted that the amount of legal fees should not exceed the amount recovered or benefit obtained by the appellant.
The Truth in Lending Act allows recovery by a prevailing plaintiff of a reasonable attorney’s fee which is determined by the court. 15 U.S.C.A. § 1640(a)(3). We have addressed previously the right to recovery of attorney’s fee of one represented by a publicly funded legal service office and have recognized the entitlement to an award even when no fee is charged. Ivey v. Verbeck, 461 So.2d 813 (Ala.Civ.App.1984); citing Ingram v. Cedar Springs Federal Credit Union, 451 So.2d 353 (Ala.Civ.App.1984).
In Trustees Loan & Discount Co. v. Carswell, 435 So.2d 114 (Ala.Civ.App.1983), we recognized our limited standard of review in cases dealing with an award of attorney’s fee. Specifically, we acknowledged that the amount of attorney’s fee is within the discretion of the trial court and will not be overturned unless clearly wrong.
Counsel for the appellant urges this court to review the circuit court’s decision in this matter de novo, but offers no authority for that position. Rule 28(a)(5), Alabama Rules of Appellate Procedure, requires that the appellant cite authority for such argument. Failure to cite legal authority in support of an argument does not constitute a valid argument. Webster v. Webster, 517 So.2d 5 (Ala.Civ.App.1987). Accordingly, this court has no obligation to review this case using the standard appellant suggests.
Appellant urges this court to reverse the trial court because it failed to offer an explanation for reducing the attorneys’ *491 fees requested by 88%. However, appellant also points out his awareness that such matters as attorney’s fees rest soundly within the trial court’s discretion, which will not be disturbed on appeal absent an abuse of discretion. McGowan v. King, Inc., 661 F.2d 48 (5th Cir.1981). The trial court order does not indicate exactly how it reached the amount of $9000. However, in reviewing the record, we are well aware that the trial court had before it ample evidence to consider in its determination, and the totality of the circumstances were obviously considered in making its award.
The court agrees that appellant’s counsel is entitled to reasonable compensation and takes into consideration the established guidelines for making such determination. Mere guidelines, however, cannot calculate a reasonable attorney’s fee with mathematical precision. We recognize that what may be a reasonable and acceptable fee in one situation, may not be so in another.
This court is of the opinion that the trial court did not abuse its discretion in its award of $9000 to appellant for attorneys’ fees, nor did the court err in failing to offer an explanation in reaching that amount. The judgment of the trial court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.