KENNEDY, Justice.
This Court granted certiorari review in this case to determine whether the Court of Civil Appeals erred in affirming the trial court’s judgment setting attorney fees. We reverse and remand.
*492 The issue is whether the trial court abused its discretion in setting attorney fees that it awarded. This action was originally filed in 1982 and has previously been before this Court and the Court of Civil Appeals. The facts underlying the case are reported in detail in Edwards v. Alabama Farm Bureau Mutual Casualty Insurance Co., 453 So.2d 746 (Ala.Civ.App.1983); and Edwards v. Alabama Farm Bureau Mutual Casualty Insurance Co., 509 So.2d 232 (Ala.Civ.App.1986); cert. quashed, 509 So.2d 241 (Ala.1987).
In 1982, Alabama Farm Bureau Mutual Casualty Insurance Company (“Farm Bureau”) sued Edwards, seeking recovery on a promissory note signed by Edwards. The note resulted from an automobile accident involving Edwards, who was uninsured, and a motorist insured by Farm Bureau. The note had a principal sum of $2,544, plus a finance charge of $1,424.16, and was amortized over an 84-month period in monthly installments of $47.24 each. Edwards filed a counterclaim alleging that Farm Bureau violated the Truth in Lending Act (15 U.S.C. §§ 1601-1667), and the Alabama Mini-Code (Code 1975, §§ 5-19-1 to - 31).
Summary judgment was entered in favor of Farm Bureau on the counterclaim. The trial court held that the promissory note was not a consumer transaction and was, therefore, not subject to the provisions of the Truth in Lending Act and the Alabama Mini-Code. On the first appeal, the Court of Civil Appeals reversed the trial court and held that Farm Bureau, by allowing Edwards to pay the note in monthly installments, had extended credit and was therefore subject to the provisions of the Truth in Lending Act and the Alabama Mini-Code. This Court issued the writ of certio-rari, but subsequently quashed the writ.
On remand, Farm Bureau admitted that the finance charge exceeded that permitted under Code 1975, § 5-19-3. However, the trial court allowed Farm Bureau to introduce evidence showing that the excessiveness of the charge resulted from a bona fide clerical error and that Farm Bureau was exempt from liability imposed pursuant to Code 1975, § 5-19-19. After both parties had presented evidence, the trial court entered a judgment against Edwards on his counterclaim, stating that the violations of the Alabama Mini-Code and the Truth in Lending Act were the result of bona fide errors. The trial court also held that Farm Bureau was entitled to $2,449.52, the amount of unpaid principal and interest requested in its complaint.
On the second appeal, the Court of Civil Appeals reversed again, holding that the excessive amount charged by Farm Bureau was not attributable to a clerical error. That court also held that under the Alabama Mini-Code Edwards was entitled to a refund of the payments on the finance charge he had made to Farm Bureau pursuant to the note, as well as to costs, a penalty, and attorney fees, under the Truth in Lending Act, because Farm Bureau had failed to obtain a license to make consumer loans. We granted Farm Bureau’s petition for the writ of certiorari, but subsequently quashed the writ.
On the second remand, the trial court entered a judgment in favor of Edwards, and, with regard to attorney fees, stated as follows:
“This matter coming on to be heard on defendant’s application for award of attorneys’ fees and expenses, it is ORDERED that attorneys’ fees are awarded in the amount of $9,000.00.
“Done this the 14th day of September, 1988.”
Edwards, who was represented by Robert Yarley and Shirley Howell of the Legal Services Corporation, had requested attorney fees of $60,241 with an enhancement of 25%, for a total of $75,301.56.
The Court of Civil Appeals affirmed. 591 So.2d 489.
Pursuant to 15 U.S.C. § 1640(a)(3), an aggrieved party is entitled to a reasonable attorney fee, if it is determined that that party prevailed and obtained the results that it sought. The Fifth Circuit Court of Appeals stated in McGowan v. King, 661 F.2d 48, 52 (5th Cir.1981), that by providing the right to recover attorney fees under the Truth in Lending Act Congress sought to *493 create a system of private attorneys general to aid in enforcement of the Act.
Once entitlement to attorney fees is established, it becomes the duty of the trial court to determine what is a “reasonable” fee.
The issue before us is not whether attorney fees are recoverable in this action, but, rather, whether the trial court abused its discretion in setting the amount of the fee that it assessed.
The trial court reduced the requested fee of $75,301.56 to $9,000. In doing so, the trial court made no findings of record as to why such a reduction was made.
We are not in a position to determine if in fact the trial court abused its discretion in awarding a lesser fee than was requested without first knowing the court’s reasons for doing so. Therefore, the judgment is due to be, and it is hereby, reversed, and the cause is remanded to the Court of Civil Appeals for it to order further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, ALMON and ADAMS, JJ., concur.
HOUSTON and STEAGALL, JJ., dissent.