ON REHEARING EX MERO MOTU
This Court's opinion of March 13, 1992, is withdrawn and the following is substituted therefor.
The issue in this case is whether, under the facts of this case, the trial court abused its discretion in awarding only $9,000 in attorney fees to a prevailing party under the Truth-in-Lending Act.
A review of the history of this case is warranted. Tommie Edwards was an uninsured motorist involved in an automobile accident with a motorist insured by Alabama Farm Bureau Mutual Casualty Insurance Company (Farm Bureau). The amount Farm Bureau paid on behalf of its insured was $2,544. Edwards signed an installment promissory note on March 16, 1979, promising to pay Farm Bureau $2,544, plus a finance charge of $1,424.16 (an annual percentage rate of 13.69%). The note was amortized over 84 months, with monthly installments of $47.24 each. On April 12, 1982, Farm Bureau sued Edwards, requesting $3,873.68 due on the note plus an attorney fee of $581 and costs of $32. Edwards, an indigent, contacted the Montgomery regional office of the Legal Services Corporation of Alabama, Inc., and asked it to represent him in the lawsuit.
Edwards answered, and in a counterclaim he alleged that the promissory note violated the federal Truth-in-Lending Act (15 U.S.C. § 1601-1667) and the Alabama Mini-Code (§§ 5-19-1 to -31, Ala. Code 1975). On July 21, 1982, the district court entered a judgment in favor of Farm Bureau. On Edwards's appeal to the circuit court, Farm Bureau amended its complaint to delete claims for finance charges and attorney fees. The circuit court entered a summary judgment for Farm Bureau, holding that the promissory note was not part of a consumer transaction and, therefore, was not subject to the provisions of the Truth-in-Lending Act or the Mini-Code. Edwards then appealed to the Court of Civil Appeals.
The Court of Civil Appeals held that the Truth-in-Lending Act and the Mini-Code applied to the transaction because, it held, Farm Bureau had extended credit to Edwards by allowing him to pay in monthly installments. That court reversed the judgment and remanded the case to the circuit court. Edwards v. AlabamaFarm Bureau Mut. Cas. Ins. Co., 453 So.2d 746 (Ala.Civ.App. 1983). We granted Farm Bureau's *Page 84 
petition for a writ of certiorari, but subsequently quashed the writ.
On remand, Farm Bureau admitted that the finance charge was excessive under § 5-19-3, Ala. Code 1975. However, Farm Bureau was allowed to present evidence that the excessiveness was due to a bona fide clerical error and that Farm Bureau was exempt from liability under § 5-19-19, Ala. Code 1975. The trial court found that Farm Bureau was entitled to $2,449.52, the unpaid principal and interest requested in its amended complaint. The trial court also denied Edwards's counterclaim, stating that the violations of the Mini-Code and the Truth-in-Lending Act were the result of a bona fide error.
Edwards then appealed to the Court of Civil Appeals. That court reversed, holding that the excessive amount charged was not due to a clerical error. That court ordered Farm Bureau to refund all payments to Edwards, to pay the penalty required by the Truth-in-Lending Act, along with court costs, and to pay a reasonable attorney fee, because Farm Bureau had failed to obtain a license to make consumer loans. Edwards v. AlabamaFarm Bureau Mut. Cas. Ins. Co., 509 So.2d 232 (Ala.Civ.App. 1986). Farm Bureau filed a petition for writ of certiorari; this Court granted the writ but later quashed it.509 So.2d at 241.
On the second remand, Edwards requested attorney fees for counsel, Robert J. Varley and Shirley D. Howell, both of whom were lawyers for Legal Services Corporation. Edwards presented an affidavit showing that Varley had spent 461.05 billable hours on the case and Edwards requested $125 per hour for Varley's work. Edwards presented an affidavit from Howell showing that she spent 29 billable hours on the case, and he requested $90 per hour for Howell's work. The attorney fees requested by Edwards were $60,241, and he requested an enhancement of 25%, for a total of $75,301.56. Edwards also presented affidavits from four attorneys in the Montgomery area, attesting to the reasonableness of the requested fees. Farm Bureau presented affidavits of attorneys who called the fees unreasonable.
The trial court entered an order that, without explanation, reduced the attorney fees to $9,000. Edwards appealed, and the Court of Civil Appeals affirmed. Edwards v. Alabama Farm BureauMut. Cas. Ins. Co., 591 So.2d 489 (Ala.Civ.App. 1989). Edwards filed a petition for certiorari, which this Court granted. We reversed the judgment and remanded the case for the circuit court to enter findings of fact as to why the attorney fee was reduced, stating: "We are not in a position to determine if in fact the trial court abused its discretion in awarding a lesser fee than was requested without first knowing the court's reasons for doing so." Ex parte Edwards,591 So.2d 491, 493 (Ala. 1990).
Pursuant to this Court's opinion, the Court of Civil Appeals remanded the case to the circuit court. On that remand, the circuit court found that $9,000 in attorney fees was reasonable, based on the factors set out in Johnson v. GeorgiaHighway Express, Inc., 488 F.2d 714 (5th Cir. 1974).[1] The Court of Civil Appeals then affirmed the trial court's reduction of the attorney fee award, holding that the trial court did not abuse its discretion. Edwards v. Alabama Farm Bureau Mut. Cas.Ins. Co., 601 So.2d 79 (Ala.Civ.App. 1991).
We have now again granted certiorari review, in order to determine whether the trial court abused its discretion in awarding reduced attorney fees of $9,000 to Edwards's attorney pursuant to the federal Truth-in-Leading Act. For guidance, we look to decisions of the United States Supreme Court construing federal statutes that provide for awards of attorney fees, *Page 85 
and we defer to United States Court of Appeals decisions that do so, especially those decisions from the old Fifth Circuit, from which the Eleventh Circuit was created. See, Lawson v.Reeves, 537 So.2d 15 (Ala. 1988).
The Truth-in-Lending Act provides that a prevailing party may be awarded a reasonable attorney fee. 15 U.S.C. § 1640(a)(3). The amount of the fee must be determined by the facts of each case. Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933,76 L.Ed.2d 40 (1983).
The determination of whether an attorney fee is reasonable is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion.Varner v. Century Finance Co., 738 F.2d 1143 (11th Cir. 1984). "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888, 104 S.Ct. 1541,1544, 79 L.Ed.2d 891 (1984), citing Hensley v. Eckerhart. This amount is known as the "lodestar" amount.
" 'The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward. . . .' [Hensley, 461 U.S. at 434,103 S.Ct. at 1940]." Pennsylvania v. Delaware Valley Citizens' Council forClean Air, 478 U.S. 546, 564, 106 S.Ct. 3088, 3098,92 L.Ed.2d 439 (1986). The Supreme Court has noted that many of the factors in Johnson v. Georgia Highway Express, Inc.,488 F.2d 714, 717-19 (5th Cir. 1974), " 'usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.' [Hensley], 461 U.S. at 434, n. 9 [103 S.Ct. at 1940, n. 9]." Delaware Valley, 478 U.S. at 564,106 S.Ct. at 3098.
When an applicant for attorney fees "has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled." Blum,465 U.S. at 897, 104 S.Ct. at 1548.
The Supreme Court in Blum limited the factors that a trial court may consider in determining whether to make adjustments to the lodestar amount:
 "Expanding on our earlier finding in Hensley that many of the Johnson factors 'are subsumed within the initial calculation' of the lodestar, we specifically held in Blum that the 'novelty [and] complexity of the issues,' 'the special skill and experience of counsel,' the 'quality of representation,' and the 'results obtained' from the litigation are presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing [or decreasing] the basic fee award. 465 U.S. at 898-900 [104 S.Ct. at 1548-50]."
Delaware Valley, 478 U.S. at 565, 106 S.Ct. at 3098.
In Norman v. Housing Authority of the City of Montgomery,836 F.2d 1292 (11th Cir. 1988), the Eleventh Circuit Court of Appeals discussed the application of the lodestar method where attorney fees were awarded pursuant to a federal statute. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."836 F.2d at 1299, citing Blum, 465 U.S. at 895-96, n. 11,104 S.Ct. at 1547, n. 11. "The applicant bears the burden of presenting satisfactory evidence that the requested rate is in line with the prevailing market rates." Id. More than a mere affidavit from the attorney performing the work is needed to present satisfactory evidence. Id.
 "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the *Page 86 
sample of which the expert has knowledge."
Norman, 836 F.2d at 1299.
Hours that are "excessive, redundant, or otherwise unnecessary" should be excluded from the amount of hours claimed. Hensley, 461 U.S. at 434, 103 S.Ct. at 1940. "[T]he hours excluded are those that would be unreasonable to bill to a client and therefore to one's adversary irrespective of theskill, reputation or experience of counsel." Norman,836 F.2d at 1301. (Emphasis original.) A general statement that the number of hours spent was reasonable or unreasonable is not very helpful and, accordingly, should not be given much weight.Id. The court should deduct for redundant hours and should deduct for hours spent on "discrete and unsuccessful claims."Norman, 836 F.2d at 1302.
"After the lodestar is determined by multiplication of a reasonable hourly rate times hours reasonably expended, the court must next consider the necessity of an adjustment for results obtained." Norman, 836 F.2d at 1302. If only a partial or limited result was obtained, then the lodestar must be reduced to an amount that is not excessive. If the results were exceptional, some enhancement might be due. However, no enhancement is permissible unless there is specific evidence in the record to prove that the quality of representation was superior to that which one would reasonably expect in light of the rates claimed. Blum.
In the instant case, the trial court abused its discretion in failing to apply the lodestar method as set out in DelawareValley and Norman. In sum, the trial court should have begun its inquiry by determining whether the hourly rate requested was "reasonable." Second, the trial court should have determined whether the hours billed were "reasonably expended." Third, the trial court should have multiplied the reasonable hourly rate times the reasonably expended hours to determine the lodestar, and then it should have decided whether an adjustment was needed.
We have reviewed the affidavits presented by both parties concerning the prevailing market rate and the number of hours claimed by the prevailing party. We hold that $90.00 per hour for Varley is a reasonable hourly rate in light of the complex nature of the insurance defense work in this case and Varley's skill, experience, and expertise. We hold that $50.00 per hour is a reasonable hourly rate for the services performed by Howell.
Although Farm Bureau claimed that the total amount of hours spent on this case was unreasonable, no specific hours were challenged as excessive, redundant, or otherwise unnecessary. Therefore, we conclude, based on the record before us, that the 461.05 hours claimed by Varley and the 29 hours claimed by Howell are reasonable. This would make the lodestar amount $42,944.50. We think that an enhancement is unnecessary in light of the fees to be awarded. Accordingly, we reverse the judgment and remand this case to the Court of Civil Appeals with instructions for that court to remand to the trial court for entry of an order awarding attorney fees of $42,944.50.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES and ADAMS, JJ., concur.
HOUSTON and STEAGALL, JJ., dissent.
MADDOX and INGRAM, JJ., recused.
ALMON, J., not sitting.
[1] The factors in Johnson are: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.