THOMAS, Judge.
 

 Pediatries by the Bay (“PBB”) appeals from a judgment of the Baldwin Circuit Court (“the trial court”) in favor of EMD Solutions, Inc. (“EMD”). We dismiss the appeal in part and affirm the judgment in part.
 

 On April 13, 2009, EMD filed a complaint in the Baldwin District Court (“the district court”) seeking to collect $7,269.64 from PBB on a past-due account for services it had rendered. PBB answered and counterclaimed, alleging breach of contract and fraud. EMD filed a motion to dismiss PBB’s counterclaims, alleging that the district court lacked jurisdiction over those claims. Additionally, on May 20, 2009, EMD filed an answer to PBB’s counter
 
 *383
 
 claims denying liability and asserting affirmative defenses. PBB filed a motion to transfer the case to the trial court. On August 17, 2009, the district court granted the motion and transferred the case to the trial court.
 

 Following a one-day bench trial, the trial court entered a judgment on February 10, 2011, in favor of EMD on EMD’s collection claim and on PBB’s counterclaims alleging breach of contract and fraud. Specifically, the trial court entered a judgment in favor of EMD for $8,432.78, including interest, and set a hearing on the issue of attorney fees for March 9, 2011.
 

 Following the judgment in favor of EMD on EMD’s collection claim and PBB’s counterclaims, the trial court conducted a hearing regarding attorney fees on March 9, 2011. Only one witness testified at that hearing. Brian Britt of Kope-sky, Britt & Norton, L.L.C., testified on behalf of EMD, stating that the $13,703.76 in attorney fees requested by EMD was reasonable. PBB conceded that Britt was a qualified expert on the issue of reasonable attorney fees in Baldwin County. Britt testified that the 62.5 hours billed at the rate of $175 per hour in this case was reasonable based upon the fact that this case required discovery, mediation, a full trial on the merits of the collection claim, and the defense of the counterclaims. He also stated that the defense of the counterclaims was necessary for EMD to collect on the past-due account because the issues involved in the collection claim and the counterclaims were intertwined. Following the March 9, 2011, hearing, the trial court awarded EMD attorney fees in the amount of $13,703.76. On April 19, 2011, PBB appealed to this court.
 

 In its appellate brief, PBB argues that the trial court erred in finding in favor of EMD on PBB’s breaeh-of-contract counterclaim and that the trial court exceeded its discretion in awarding attorney fees. We cannot address PBB’s first issue regarding the trial court’s February 10, 2011, judgment in favor of EMD on PBB’s counterclaim. The February 10, 2011, judgment determined all the claims before the trial court, leaving nothing for further adjudication except the issue of the amount of reasonable attorney fees.
 
 See Liberty Mut. Ins. Co. v. Greenway Enters., Inc.,
 
 23 So.3d 52, 55 (Ala.Civ.App.2009). “[A] decision on the merits disposing of all claims is a final decision from which an appeal must be timely taken, whether a request for attorney fees remains for adjudication.”
 
 State Bd. of Educ. v. Waldrop,
 
 840 So.2d 893, 899 (Ala.2002) (citing
 
 Budinich v. Becton Dickinson & Co.,
 
 486 U.S. 196, 199-200, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988)). Therefore, the failure of the trial court to ascertain the amount of attorney fees it should award did not affect the finality of the February 10, 2011, judgment.
 
 See Gonzalez, LLC v. DiVincenti,
 
 844 So.2d 1196, 1201 (Ala.2002) (holding a summary judgment to be final, although a motion to assess attorney fees remained pending, because award of attorney fees is collateral to judgment).
 

 Pursuant to Rule 4(a)(1), Ala. R.App. P., PBB had 42 days from the date of the entry of the February 10, 2011, judgment to file its notice of appeal. PBB did not file any postjudgment motions, which would have tolled the time for filing an appeal.
 
 See
 
 Rule 4(a)(3), Ala. R.App. P. Accordingly, PBB’s April 19, 2011, notice of appeal regarding its counterclaim, which was filed more than 42 days after the entry of the February 10, 2011, judgment, was untimely. Therefore, we dismiss PBB’s appeal insofar as it is based on the trial court’s judgment in favor of EMD on PBB’s counterclaim.
 

 PBB also argues that the trial court exceeded its discretion by awarding
 
 *384
 
 EMD attorney fees. PBB did timely file a notice of appeal from the trial court’s March 9, 2011, judgment awarding EMD attorney fees, and, thus, we will consider that issue on appeal. Specifically, PBB contends that the trial court erred in awarding $13,703.76 in attorney fees because, PBB says, the service agreement between EMD and PBB limited the award of attorney fees to those related to the cost of collection; the award of attorney fees to EMD, says PBB, improperly permits EMD to recoup attorney fees paid both to collect on the past-due account and to defend PBB’s counterclaims.
 

 “The determination of whether an attorney fee is reasonable is within the sound discretion of the trial court and its determination on such an issue will not be disturbed on appeal unless in awarding the fee the trial court exceeded that discretion.
 
 State Bd. of Educ. v. Waldrop,
 
 840 So.2d 893, 896 (Ala.2002);
 
 City of Birmingham, v. Horn,
 
 810 So.2d 667, 681-82 (Ala.2001);
 
 Ex parte Edwards,
 
 601 So.2d 82, 85 (Ala.1992), citing
 
 Varner v. Century Fin. Co.,
 
 738 F.2d 1143 (11th Cir.1984).
 

 “This Court has set forth 12 criteria a court might consider when determining the reasonableness of an attorney fee:
 

 “ ‘(1) [T]he nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.’
 

 “Van Schaack v. AmSouth Bank, N.A.,
 
 530 So.2d 740, 749 (Ala.1988). These criteria are for purposes of evaluating whether an attorney fee is reasonable; they are not an exhaustive list of specific criteria that must all be met.
 
 Beal Bank v. Schilleci,
 
 896 So.2d 395, 403 (Ala.2004), citing
 
 Graddick v. First Farmers & Merchants Nat’l Bank of Troy,
 
 453 So.2d 1305, 1311 (Ala.1984).
 

 “We defer to the trial court in an attorney-fee case because we recognize that the trial court, which has presided over the entire litigation, has a superior understanding of the factual questions that must be resolved in an attorney-fee determination.
 
 Horn,
 
 810 So.2d at 681-82, citing
 
 Hensley v. Eckerhart,
 
 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).”
 

 Pharmacia Corp. v. McGowan,
 
 915 So.2d 549, 552-53 (Ala.2004).
 

 In asserting its argument, PBB relies upon paragraph 1.15 of the service agreement, which states:
 

 “1.15
 
 Default.
 
 [PBB] agrees to pay all cost of collection incurred by [EMD] with respect to any attempt by [EMD] to collect an amount due hereunder including, but not limited to, all Court costs, witness fees, deposition costs, and a reasonable attorneys fee.”
 

 Although paragraph 1.15 is clear that the attorney fees that can be recovered by EMD are limited to those incurred in a collection attempt, the paragraph is also clear that PBB must pay “all cost of collection.” In this case, EMD argued that the defense of the counterclaims was necessary to prevail on its collection claim. Moreover, EMD presented expert testimony on the attorney-fee issue. Specifically, Britt testified that he is familiar with rea
 
 *385
 
 sonable attorney fees charged in the Baldwin County area and that attorney fees in the amount of $13,703.76 in this case were reasonable. Britt stated that EMD had spent 62.5 hours over several years litigating this case, which required a substantial amount of discovery, mediation, a full trial on the merits of the collection claim, and the defense of the counterclaims. In regard to the necessity of defending the counterclaims in order to prevail on the collection claim, Britt stated:
 

 “I familiarized myself enough with the facts of the case to recognize that both the original claim against [PBB] as well as the defense of the counterclaim revolved around rights and obligations under the contract between the parties. Defense of that counterclaim was part and parcel to [EMD’s attorneyj’s prosecution of the original collection matter. He could not have collected the fees and could not have adequately represented his client in that collection effort without effectively defending the counterclaim, which he did quite well.”
 

 Additionally, PBB conceded that attorney fees in the amount of $13,703.76 were reasonable for the collection effort and the defense of the counterclaims. Because- of the substantial discretion afforded the trial court regarding an attorney-fee award and because of the expert testimony presented in this case, we cannot conclude the trial court exceeded its discretion in its award of attorney fees. Accordingly, we affirm the attorney-fee award.
 

 Conclusion
 

 We dismiss the appeal insofar as it pertains to the trial court’s judgment in favor of EMD on PBB’s counterclaim. We affirm the trial court’s judgment awarding EMD attorney fees.
 

 AFFIRMED IN PART; APPEAL DISMISSED IN PART.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.