PITTMAN, Judge.
Fred Griffith appealed from a judgment awarding G.A.K.E., Inc., damages for *163 breach of a commercial-lease agreement and a guaranty agreement, an attorney fee, and court costs. The appeal was transferred to this court pursuant to § 12-2-7(6), Ala.Code 1975. We dismiss the appeal as having been untimely filed.
In 2001, G.A.K.E. entered into a 10-year commercial-lease agreement with Crown Motors, Inc. (“Crown”). Griffith, a 50% shareholder of Crown and its president, personally guaranteed Crown’s obligations under the lease and agreed to “indemnify and hold [G.A.K.E.] harmless from any and all losses, of every kind and character, including reasonable costs and attorneys fees, suffered by [G.A.K.E.] as the result of any default by [Crown] under said lease for a period of eighteen months following default by [Crown] or until the premises are re-let by [G.A.K.E.], whichever shall first occur.”
In 2008, Griffith sold his Crown stock to Forrest Frost. In connection with the stock-purchase agreement, Frost agreed to negotiate with G.A.K.E. for the release of Griffith from the guaranty agreement and, failing that, to indemnify Griffith for any liability arising under the commercial-lease or guaranty agreements. In 2009, Crown defaulted on the lease agreement by failing to pay rent, and G.A.K.E. sued Griffith, alleging breach of the commercial-lease and guaranty agreements. Griffith answered and filed third-party claims against Frost. Frost asserted various defenses and counterclaims against Griffith.
On June 27, 2011, the circuit court entered a summary judgment in favor of G.A.K.E and awarded it $113,367.27. That sum represented (a) past-due rent, late penalties, and interest of $96,066.91, (b) an attorney fee of $15,742, and (c) court costs of $1,558.36. The circuit court directed the entry of a final judgment as to G.A.K.E.’s claims against Griffith, pursuant to Rule 54(b), Ala. R. Civ. P.[1]
On July 22, 2011, Griffith filed a post-judgment motion, reasserting the substantive arguments he had made in opposition to G.A.K.E.’s summary-judgment motion and objecting to the attorney-fee award on the grounds that it was unreasonable and that it had been entered without providing him an opportunity to object. Following oral argument on Griffith’s postjudgment motion, the circuit court, on September 1, 2011, entered an order allowing G.A.K.E 10 days to submit proof in support of its attorney-fee request and allowing Griffith 11 days “to dispute the reasonableness of [that request] by notifying th[e] court and/or requesting a hearing on the issue.” In its September 1, 2011, order, the circuit court denied “[a]ll other portions of [Griffith’s postjudgment] motion.”
G.A.K.E. submitted additional proof in support of its attorney-fee request, seeking to increase its total award to $115,735.74 to include fees incurred after the entry of the June 27, 2011, judgment in defending Griffith’s postjudgment motion. On October 4, 2011, the circuit court rendered and entered the following judgment:
“It is hereby ORDERED, ADJUDGED and DECREED that summary judgment is granted in favor of Plaintiff G.A.K.E. and against Defendant Fred Griffith in the amount of $ 115,735.74; and further that there being no justifiable reason for delay, the Court hereby expressly directs the entry of final judgment in favor of G.A.K.E in accordance with Ala. R. Civ. P. 54(b).”
Griffith filed a notice of appeal 42 days later, on November 15, 2011, raising the *164 substantive issues he had argued in the circuit-court proceedings but raising no issues concerning the attorney-fee award.
G.A.K.E. moved this court to dismiss Griffith’s appeal, contending that September 1, 2011, rather than October 4, 2011, was the date that triggered the running of the 42-day period in which Griffith was required to file his notice of appeal as to the merits because, it says, on September 1, 2011, the circuit court denied Griffith’s postjudgment motion in all substantive respects and expressly reserved jurisdiction to determine the appropriate attorney-fee award at a later date. Citing Rule 4(a)(5), Ala. RApp. P.,[2] Griffith argues that the 42-day period to appeal did not commence until October 4, 2011, when the attorney-fee aspect of his postjudgment motion was finally disposed.
“An award of attorney’s fees is an award of costs, not damages,” Davis v. Everett, 443 So.2d 1232, 1238 (Ala.1983), and “[t]he entry of the judgment or order shall not be delayed for the taxing of costs,” Rule 58(c), Ala. R. Civ. P. “[A] decision on the merits disposing of all claims is a final decision from which an appeal must be timely taken, whether a request for attorney fees remains for adjudication.” State Bd. of Educ. v. Waldrop, 840 So.2d 893, 899 (Ala.2002) (citing Budinich v. Becton Dickinson & Co., 486 U.S. 196, 199-200, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988)).
In Budinich, the United States Supreme Court established a bright-line rule that “an unresolved issue of attorney’s fees for the litigation in question does not prevent judgment on the merits from being final,” and it stated that “[cjourts and litigants are best served by the bright-line rule, which accords with traditional understanding, that a decision on the merits is a ‘final decision’ ... whether or not there remains for adjudication a request for attorney’s fees attributable to the case.” 486 U.S. at 202 and 203. See also Pediatrics by the Bay v. EMD Solutions, Inc., 81 So.3d 381 (Ala.Civ.App.2011), and Edwards v. Edwards, 999 So.2d 939 (Ala.Civ.App.2008).
The circuit court entered a summary judgment on all substantive issues between G.A.K.E. and Griffith and directed the entry of a final judgment pursuant to Rule 54(b) on June 27, 2011. It denied Griffith’s postjudgment motion with respect to the substantive issues on September 1, 2011. Griffith’s 42-day period to appeal— insofar as Griffith sought review of the judgment on the merits — began to run on September 1, 2011. His notice of appeal, filed 75 days later on November 15, 2011, was, therefore, untimely.
Griffith’s notice of appeal was timely with respect to the attorney-fee award made in the circuit court’s October 4, 2011, judgment. See Niezer v. SouthTrust Bank, 887 So.2d 919, 923 (Ala.Civ.App.2004) (stating that “attorney-fee matters are separate and distinct from matters going to the merits of a dispute and ... an appeal may be taken from a final judgment as to either aspect of a case”); Hunt v. NationsCredit Fin. Servs. Corp., 902 So.2d 75, 81 (Ala.Civ.App.2004) (concluding that “Niezer stands for the proposition that an order denying an award of attorney fees that is ancillary to an earlier decision that *165 has completely adjudicated all matters in controversy between the parties is immediately appealable” and that “Niezer is thus consistent with federal precedent, such as Budinich”). Griffith’s appeal, however, presents no issues with respect to the attorney-fee award.

Conclusion

Because Griffith did not file a notice of appeal within 42 days of the September 1, 2011, denial of his postjudgment motion on the merits, the circuit court’s action in granting the parties additional time to address the attorney-fee issue and its rendering and entering an amended judgment on October 4, 2011, with respect to the attorney-fee award did not toll the time for taking an appeal from the judgment on the merits. We therefore grant G.A.K.E.’s motion and dismiss Griffith’s appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.

. The circuit court had not adjudicated Griffith's third-party claims against Frost or Frost’s counterclaims against Griffith.

. Rule 4(a)(5) provides:
"A notice of appeal filed after the entry of the judgment but before the disposition of all post-judgment motions filed pursuant to Rules 50, 52, 55, and 59, Alabama Rules of Civil Procedure, shall be held in abeyance until all post-judgment motions filed pursuant to Rules 50, 52, 55, and 59 are ruled upon; such a notice of appeal shall become effective upon the date of disposition of the last of all such motions.”