MOORE, Judge.
William R. Rice III and Laura Rebecca Rice appeal from a judgment of the Lee Circuit Court (“the trial court”) awarding attorney fees and costs in the amount of $18,284.96 to the Grove Hill Homeowners’ Association, Inc. (“the Association”). We affirm.
The parties have previously been before this court, first in Grove Hill Homeowners’ Association, Inc. v. Rice, 43 So.3d 609 (Ala.Civ.App.2010) (“Grove Hill I”), in which this court reversed a judgment of the trial court, in which the trial court had concluded that a driveway on- the Rices’ *661 property complied with their subdivision’s restrictive covenants. This court held that the trial court had erred in finding that the Rices’ driveway did not violate the subdivision’s restrictive covenants, and we remanded the case for the trial court to consider whether the Association had carried its burden of proving the remaining elements necessary to obtain the permanent injunction it had requested. 43 So.3d at 615. Upon remand, the trial court entered a new judgment, again denying the Association the injunctive relief it had requested. The Association again appealed. See Grove Hill Homeowners’ Association, Inc. v. Rice, 90 So.3d 731 (Ala.Civ.App. 2011) (“Grove Hill II ”). In Grove Hill II, this court concluded that, because the Rices had had notice of the restrictive covenant that they breached, the Association was entitled to enforcement of that restrictive covenant and that the trial court had erred in declining to grant the permanent injunction requested by the Association; we reversed the trial court’s judgment and remanded the cause for the trial court to enter a judgment consistent with this court’s opinion. 90 So.3d at 740-41.
On remand from this court, the Association filed a motion for the entry of a judgment enjoining the Rices from maintaining a driveway on their property that did not comply with the subdivision’s restrictive covenants and requesting an award of $22,567.57 in costs and attorney fees. Attached to that motion was an itemized bill from the Association’s attorney. On March 15, 2012, the trial court entered a judgment in favor of the Association, enjoining the Rices from “installing, using, or maintaining any driveway” on their property that did not comply with the restrictive covenants of the subdivision; the judgment also stated, in pertinent part: “The Rices are granted leave to, on or before April 15, 2012, show cause why the Association’s request for attorney’s fees and costs in the amount of $22,567.57 should not be granted.” Also on March 15, 2012, the Association filed an amended motion to tax costs on appeal, attaching thereto an itemized and verified bill of costs. On April 16, 2012, the Rices filed a response to the order to show cause and an objection to the award of attorney fees. The Association filed a reply to that response on April 19, 2012.
On May 17, 2012, the trial court entered a judgment finding that the Rices “are obligated to pay the ... Association^] reasonable attorney’s fees and costs” and awarding the Association costs and attorney fees in the amount of $18,284.96. The Rices filed their notice of appeal to this court on June 15, 2012.
The Rices argue on appeal that the trial court exceeded its discretion by ordering them to pay the Association’s attorney fees because, they say, the amount was unreasonable and no evidence was submitted to substantiate the amount.
“[W]hile we have recognized that ‘the reasonableness of an award of attorney fees is within the discretion of the trial court, subject to correction only for an abuse of discretion,’ we have noted that when an appellate court reviews the award of an attorney fee ‘we must be able to discern from the record what factors the trial court considered in determining the amount of attorney fees.’ Lanier v. Moore-Handley, Inc., 575 So.2d 83, 85 (Ala.1991), citing Van Schaack v. AmSouth Bank, N.A., [530 So.2d 740 (Ala.1988) ] (emphasis added).
“ ‘We now turn to the question regarding the amount of attorney fees awarded. “The determination of whether an attorney fee is reasonable is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion.” Ex parte Edwards, 601 *662 So.2d 82, 85 (Ala.1992). Our deference to the trial court in attorney-fee cases is based upon our recognition that the trial court, which has presided over the entire litigation, has a superior understanding of the factual questions that must be resolved in fee determinations. See Hensley v. Eck-erhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Nevertheless, the trial court’s order regarding an attorney fee must allow for meaningful review by articulating the decisions made, the reasons supporting those decisions, and the performance of the attorney-fee calculation. American Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir.1999); see also Hensley, 461 U.S. at 437,103 S.Ct. 1933.’
“City of Bviningham v. Horn, 810 So.2d 667, 681-82 (Ala.2001). See also Lolley v. Citizens Bank, 494 So.2d 19 (Ala. 1986); Huntley v. Regions Bank, 807 So.2d 512 (Ala.2001); Ex parte Edwards, 591 So.2d 491, 493 (Ala.1990) (‘The trial court reduced the requested fee of $75,301.56 to $9,000.00. In doing so, the trial court made no findings of record as to why such a reduction was made. We are not in a position to determine if in fact the trial court abused its discretion in awarding a lesser fee than was requested without first knowing the court’s reason for doing so.’).”
Beal Bank, SSB v. Schilleci, 896 So.2d 395, 404 (Ala.2004).
We note first that, upon remand, a different circuit-court judge was assigned to the case than had presided over the trial and had entered the previous judgments that had been appealed in this case. The judgment awarding the Association costs and attorney fees states, in pertinent part:
“Upon review of the materials submitted by the Homeowners’ Association and analyzing the factors set forth in [Pee-bles] v. Miley, 43[9] So.2d 137 (Ala. 1983), the Court awards costs and attorney’s fees totalling Eighteen Thousand Two Hundred Eighty-Four and 96/100 Dollars ($18,284.96).”
The factors set forth in Peebles v. Miley, 439 So.2d 137 (Ala.1983), and referenced in the trial court’s judgment are restated in Van Schaack v. AmSouth Bank, N.A., 530 So.2d 740 (Ala.1988), and include:
“(1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.”
530 So.2d at 749.
The Rices reference an e-mail sent by the Association’s attorney to the Rices’ attorney, which was attached as an exhibit to the Rices’ response and objection to the request for attorney fees and which states, in pertinent part: “It seems clear that your clients don’t understand the concept of covenants that run with the land. However, if they continue their present course, I can guarantee you they will get a full and expensive education on that topic.” The Rices assert that that statement evidences that the Association’s attorney intentionally inflated the attorney fees. The Rices also argue that the trial court erred in *663 failing to explain how it determined the award of attorney fees.
The Association requested attorney fees in the amount of $22,567.57. Attached to that request, the Association submitted an itemized bill from its attorney totaling $10,581.22 for the period September 8, 2010, through February 24, 2012. The Association later submitted an amended motion to tax costs, attaching an itemized bill of costs totaling $1,026.41. In the Association’s reply to the Rices’ response to the trial court’s order to show cause, the Association asserted that, in addition to those amounts, the Association had submitted previous documents indicating that the Association had incurred costs and attorney fees in the amount of $12,036.35. This court reviewed the record in Grove Hill II and located documents evidencing fees and costs in the total amount of $12,036.35 for the period February 25, 2009, through April 28, 2010.
The trial court may rely on its own knowledge and experience in determining the value of the legal services performed and in setting the fee without entertaining evidence of the reasonableness of the fee. Spafford v. Crescent Credit Corp., 497 So.2d 160, 162 (Ala.Civ.App.1986). We conclude that, based on the documents submitted by the Association in the present case and in Grove Hill II, the trial court had before it sufficient evidence from which to determine the reasonableness of the fees requested. Additionally, the trial court stated that it had considered the factors in Peebles in calculating its award; thus, it is clear that the trial court’s consideration of those factors is what led to any discrepancy between the amount requested and the amount awarded. Accordingly, we conclude that the trial court did not err in its award of attorney fees to the Association.
The Rices also assert that “the trial court held no hearing to allow the Rices to cross-examine the reasonableness of the fee, as required by Alabama law.” We note that the Rices failed to request a hearing regarding the Association’s request for attorney fees. Moreover, the Rices fail to cite any authority for their assertion that a hearing was required, in contravention of Rule 28(a)(10), Ala. R. Civ. P.; thus, we decline to consider that argument. See Crouch v. Allen, 76 So.3d 264, 266 (Ala.Civ.App.2011).
The trial court’s judgment is affirmed.
AFFIRMED.
PITTMAN and THOMAS, JJ„ concur.
THOMPSON, P.J., and BRYAN, J., dissent, without writings.