DONALDSON, Judge.
This case stems from a dispute regarding an unpaid invoice of $14,055 sent by Diamond Concrete & Slabs, LLC (“Diamond’'), seeking payment from Southern Structures Corporation (“Southern”) and the - Andalusia-Opp- Airport Authority, which is now known as the South Alabama Regional Airport Authority (“the Airport Authority”). Diamond also sought, among other things, an award of attorney fees pursuant to § 8-29-1 et seq., Ala.Code 1975 (“the Prompt Pay Act,” also referred to as “the Miller Act”). The Covington Circuit Court (“the trial court”) ultimately entered a judgment in Diamond’s favor, awarding it the amount of the unpaid invoice and $5,622 in attorney fees. The attorney fee award was computed as a percentage of the amount of the unpaid invoice instead of as a lump-sum amount of $247,275, as requested by Diamond, based on an hourly, attorney-fee agreement between Diamond and its counsel. Diamond appeals as to the attorney-fee award, asserting that the amount awarded is inadequate. We hold that the amount of attorney fees awarded is inconsistent with and unsupported by the evidence in the record, and, accordingly, we reverse the judgment insofar as it awarded attorney fees and remand the cause to reconsider the attorney-fee award.
In May 2005, the Airport Authority hired Southern to construct a hangar, and Southern subcontracted with Diamond to construct a concrete floor for the hangar. The concrete floor was alleged to be defective. Southern hired another subcontractor to correct the alleged defects. Southern paid Diamond $35,161, Diamond’s original bid amount, for the work it had *1073 performed. Diamond claimed that, after deducting the $7,200 Southern had, paid to the other subcontractor to correct the alleged defects in the floor, Southern still owed $14,055 to Diamond for additional, work and expenses due to a change in Southern’s requirements for constructing the floor.
On February 27, 2007, Diamond filed a complaint in the Montgomery Circuit Court against Southern and the Airport Authority, stating a breach-of-contract claim against Southern only and a conversion claim and a claim pursuant to the Miller Act (“the prompt-pay claim”) against both Southern and the Airport Authority. At the request of Southern and the Airport Authority, the Montgomery Circuit Court transferred the case to the trial court. Southern and the Airport Authority denied liability in their answer and asserted counterclaims against Diamond seeking damages arising from allegedly defective work. '
Litigation proceeded over the next three years. The case proceeded to a jury trial. After a five-day trial, the jury returned a verdict on July 1, 2010, in favor of Diamond on the counterclaims and on Diamond’s breach-of-contract claim, finding that Diamond was entitled to $14,055 and should have been paid on September 30, 2006.[1] The trial court subsequently entered a .judgment as a matter of law (■“JML”) on Diamond’s prompt-pay claim. Diamond appealed, and on August 12, 2011, this court reversed the JML, finding that Diamond'was entitled to $14,055 on its prompt-pay claim .pursuant to a subcontract with Southern and the Airport 'Authority.[2] We remanded the cause to the trial court “to determine whether Diamond is entitled to recover interest, an attorney fee, and expenses under its prompt-pay claim.” Diamond Concrete & Slabs, LLC v. Andalusia-Opp Airport Auth., 103 So.3d 73, 83 (Ala.Civ.App.2011).
On September 10, 2013, the trial court conducted a hearing and received documents and testimony from Diamond, Southern, and the Airport Authority. Diamond requested $247,275 in attorney fees baséd on an hourly fee agreement with its attorneys. In Support of its claimed fees' and expenses, Diamond offered several documents, including a detailed billing statement claiming 989.1 hours of legal services billed at a rate of $250 per hour, amounting to a total of $247,275; a detailed case-expense statement listing expenses totaling $11,780.72; and a copy of the fee agreement that Diamond signed with its counsel. Counsel for Diamond *1074 testified that counsel had billed for time expended on the case that included “pre-suit time and includes litigation time and includes post trial and appellate at two different layers, the court of civil appeals and then, ultimately, the work that we did when it went up on cert to the supreme court.” Clark Dunn, the owner of Diamond, testified that he thought the amounts claimed by his counsel were reasonable. Diamond offered testimony from Brooke Lawson, an attorney who had represented third-party defendants in the litigation. Lawson testified that he had reviewed the amounts claimed by counsel for Diamond, and he stated that he found the “billings to be reasonable and consistent with what attorneys would have billed in that matter.”
The Airport Authority called one witness, attorney John Peek. Peek testified that he had extensive experience with collection cases but that he was not “intimately familiar with the case.” Peek testified that “[t]here certainly could be a number of reasonable methods of assessing fees, but I think the most common method and the most generally accepted one would be the contingent fee basis.” Peek stated that he thought the requested fees in this case were unreasonable, but he admitted: “I’ve looked at the front page and back page of this bill. I’ve not looked at the remainder of it.” On cross-examination, Peek admitted that he had been asked to testify earlier on the morning of the hearing and that he did not “know and understand the complexities of the case.” After Peek’s testimony, the Airport Authority attempted to call a second witness, and Diamond attempted to call a rebuttal witness. However, the trial court did not allow either witness to testify and stated: “Stop making any comment on what anybody’s bill was or was not. I just don’t need to hear it anymore.”
On March 7, 2014, the trial court entered an order denying Diamond’s requested attorney fees as unreasonable, and it ruled that “a reasonable fee in this case [is] a 40% contingency fee which amounts to $5,622.00 plus expenses of $11,780.72 as claimed by [Diamond].” Diamond filed a timely notice of appeal to this court.
On appeal, Diamond argues that it supported its requested amount for attorney fees with substantial evidence and that the trial court’s attorney-fee award is both unreasonable under our caselaw regarding attorney fees and inconsistent with § 8-29-6, AIa.Code 1975, a part of the Miller Act:
“A contractor, subcontractor, or sub-subcontractor may file a civil action solely against the party contractually obligated for the payment of the amount claimed to recover the amount due plus the interest accrued in accordance with this chapter. If the court finds in the civil action that the owner, contractor, or subcontractor has not made payment in compliance with this chapter, the court shall award the interest specified in this chapter in addition to the amount due. In any such civil action, the party in whose favor a judgement is rendered shall be entitled to recover payment of reasonable attorneys’ fees, court costs and reasonable expenses from the other party.”
Diamond argues that the trial court’s attorney-fee award undermines the purpose of the Miller Act by converting its contract with its counsel from an hourly fee agreement to a contingency-fee agreement payable as a percentage of the unpaid invoice. Diamond further requests that this court render a judgment awarding what it asserts is the proper amount of attorney fees in this case. The Airport Authority and Southern argue that the requested attorney-fee amount of $247,275 was unreason *1075 able when considered in relation to the judgment amount of $14,055 and that the trial court followed the intent of the Miller Act in awarding a reasonable amount based on the amount actually recovered.
Our supreme court has held:
“The determination of whether an attorney fee is reasonable is within the sound discretion of the trial court and its determination on such an issue will not be disturbed on appeal unless in awarding the fee the trial court exceeded that discretion. State Bd. of Educ. v. Waldrop, 840 So.2d 893, 896 (Ala.2002); City of Birmingham v. Horn, 810 So.2d 667, 681-82 (Ala.2001); Ex parte Edwards, 601 So.2d 82, 85 (Ala.1992), citing Varner v. Century Fin. Co., 738 F.2d 1143 (11th Cir.1984).
“This Court has set forth 12 criteria a court might consider when determining the reasonableness of an attorney fee:
“‘(1) [T]he nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time, limitations imposed by the client or by the circumstances.’
“Van Schaack v. AmSouth Bank, N.A., 530 So.2d 740, 749 (Ala.1988). These criteria are for purposes of evaluating whether an attorney fee is reasonable; they are not an exhaustive list of specific criteria that must all be met. Beal Bank v. Schilleci, 896 So.2d 395, 403 (Ala.2004), citing Graddick v. First Farmers & Merchants Nat’l Bank of Troy, 453 So.2d 1305, 1311 (Ala.1984).
“We defer to the trial court in an attorney-fee case because we recognize that the trial court, which has presided over the entire litigation, has a superior understanding of the factual questions that must be resolved in an attorney-fee determination. Horn, 810 So.2d at 681-82, citing Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Nevertheless, a trial court’s order regarding an attorney fee must allow for meaningful appellate review by articulating the decisions made, the reasons supporting those decisions, and how it calculated the attorney fee. Horn, 810 So.2d at 682, citing American Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 427 (11th Cir.1999); see also Hensley, 461 U.S. at 437, 103 S.Ct. 1933.”
Pharmacia Corp. v. McGowan, 915 So.2d 549, 552-53 (Ala.2004).
“Although all of the criteria set forth above must be taken into consideration by the trier of the facts in determining a proper counsel fee — and it has been said that all of these factors should be utilized and applied as the facts so indicate — it is generally recognized that the first yardstick that is used by the trial judges is the time consumed.”
Peebles v. Miley, 439 So.2d 137, 141 (Ala.1983).
The trial court’s March 7, 2014, order stated that the trial court had “reviewed the file in this cause and, as stated above, all arguments and testimony as well as all applicable statutes and case law.” The trial court further stated that it found that Diamond was “entitled to an attorney’s fee which is reasonable for the type of case contemplated by the agreement *1076 between [Diamond] and [its] counsel.”. A trial court is not required to set forth a detailed analysis of all -the applicable factors considered by it in exercising its discretion in establishing a reasonable attorney fee. However, where the trial court’s order does not articulate the basis for its attorney-fee award, we are left to search the,record, for the,.basis for the award. The- record, “must allow for meaningful appellate review by articulating the decisions made, the reasons, supporting those decisions, and how.it calculated the attorney fee.” Pharmacia, 915 So.2d at 553. In this , case, we are unable to determine the rationale used by the trial court for its finding that the amount requested by Diamond was not reasonable or that a fee equal to 40% of the amount recovered was reasonable in light of any of the Peebles factors. It appears that the trial court set the fee solely as a percentage of the amount actually recovered and without considering the amount of time expended by Diamond’s counsel in the course of this litigation and whether such time was reasonable. See Pharmacia Corp., 915 So.2d at 556 (reversing an order awarding attorney fees and remanding the case because “the trial court’s method of calculating the award [was] with complete disregard for the time expended” by counsel for the party requesting attorney fees).
Although we make no holding regarding whether the amount of hours expended by Diamond’s counsel and the hourly rate agreed to by Diamond are reasonable, the $5,622.00 amount awarded by the trial court bears no discernable relationship to time reasonably spent by counsel for Diamond during the protracted and complex litigation in this case. We do not hold that a reasonable fee cannot be equivalent to an amount that is equal to a percentage of the amount recovered, and we note that the trial court may consider the measure of success achieved and other factors, as illustrated in Peebles. In the context of this apparently lengthy and complex case, which was tried to a jury over five days and spanned several years,- however, we cannot find support in the record for the award of attorney fees to the. prevailing party based solely on the amount, recovered and, thus, we hold that the attorney-fee award, in this case is not reasonable.
Therefore, we reverse-the. judgment insofar as it awarded attorney ■ fees in the amount of $5,622, and we remand this cause to the trial court to enter an order awarding attorney fees based on its consideration of applicable Peebles factors and articulating its reasons for that decision.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. Although Diamond asserted its breach-of-contract claim against Southern only, the trial court entered judgment on that claim against both Southern and the Airport Authority. See Diamond Concrete & Slabs, LLC v. Andalusia-Opp Airport Auth., 103 So.3d 73, 78 (Ala.Civ.App.2011). In the previous appeal involving these parties, the Airport Authority did not cross-appeal the judgment on the breach-of-contract claim against it, and, thus, this court determined that, "[gjiven this procedural history, ... despite the absence of any evidence establishing that a contract existed between Diamond and the Airport Authority, it has become the law of the case that Diamond’s subcontract was with the Airport Authority' as well as Southern.” Diamond Concrete, 103 So.3d at 82.

. Section 8-29-6, Ala.Code 1975, a part of the Miller Act; provides that '.‘[a] ... subcontractor. ... may file a civil action solely against the party contractually obligated for the payment of the amount claimed.'... ” (Emphasis added.) Although there appears to be no evidence indicating that the Airport Authority was ever contractually obligated to pay Diamond, "it has become the law of the case that Diamond’s subcontract was with the Airport Authority as well as Southern.” Diamond Concrete & Slabs, LLC v. Andalusia-Opp Airport Auth., 103 So.3d 73, 82 (Ala.Civ.App.2011); see also note 1, supra.