PER CURIAM.
This is a Section 1983 action involving attorney’s fees. See 42 U.S.C. § 1983 (1975).
The defendants, City of Tuscaloosa, et al., requested an attorney’s fee. This request was denied and the defendants appeal. We affirm.
The following appear to be the pertinent facts.
The City of Tuscaloosa obtained a federal grant to establish a Victim/Witness Assistance Program. The program created three new job positions. The program director established an applicant screening system to accept applications and review the qualifications of applicants. The positions were advertised, and the plaintiff applied. After some screening, a list of thirty-seven eligi-bles was established; the plaintiff ranked second on this list. The city subsequently chose two people from the list and the district attorney chose a third. The three persons hired were ranked first, sixth, and seventh on the list.
In her complaint the plaintiff alleged that she was not hired by the city solely because she was engaged to a Tuscaloosa attorney who did a considerable amount of criminal defense work and who was a political opponent of the police commissioner. She alleged that the police commissioner told the program director that the plaintiff should not and would not be hired for any of the positions.
The plaintiff alleged that the city’s failure to hire her was discriminatory, that it denied her “her legal and civil rights for fair and impartial consideration,” and that the city's action was violative of the first amendment and of due process and equal protection guarantees found in both the federal and state constitutions.
The defendants filed a motion for summary judgment. The trial court granted a partial summary judgment, finding “no merit” in the plaintiff’s due process and equal protection contentions. The plaintiff’s additional contention, regarding the defendant-city’s alleged violation of her freedom of association rights, was not resolved by summary judgment. (Put another way, the plaintiff alleged three theories of recovery; two of the three theories were resolved by the trial court’s action granting partial summary judgment, and one theory remains pending in the circuit court.)
The trial court’s action granting partial summary judgment was appealed via Rule 54(b), Alabama Rules of Civil Procedure, to the Supreme Court of Alabama. The supreme court affirmed in Mountain v. Collins, 430 So.2d 430 (1983). Interested parties should refer to Mountain v. Collins for a more detailed account of what previously transpired, paying particular attention to the supreme court’s statement that there is still pending in the trial court a claim by the plaintiff.
After the supreme court’s affirmance, the defendants sought an attorney’s fee for work done prior to the partial summary judgment. This request for attorney’s fees was made even though there remained pending the plaintiff’s aforesaid claim.
The trial court denied the request for attorney’s fees and, as indicated, the defendants appeal.
The dispositive issue, which also comes to this court via Rule 54(b), A.R.C.P., is whether the trial court abused its discretion in denying the defendants’ request for what can be said to be pendente lite attorney’s fee. In view of what this court considers to be the dispositive issue, other issues raised need not be addressed.
Section 1988 of Title 42, United States Code, allows a trial judge, in his discretion, to award attorney fees to “the prevailing party,” in a suit brought under Section 1983. There is no question that a defendant can qualify as “the prevailing party,” see Hughes v. Rowe, 449 U.S. 5,101 S.Ct. 173, 66 L.Ed.2d 163 (1980); however, the standard applied to a prevailing defendant is somewhat different from that applied to a prevailing plaintiff. While a sue-
*964 cessful plaintiff ordinarily recovers his attorney fees in all but special circumstances, a successful defendant recovers his attorney fees only if the trial court finds that the plaintiff’s suit was frivolous, unreasonable, or without foundation. Id. See generally Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).
In Hanrahan v. Hampton, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980), the U.S. Supreme Court approved of the award of pendente lite attorney fees, saying
“It is evident also that Congress contemplated the award of fees pendente lite in some cases.... But it seems clearly to have been the intent of Congress to permit such an interlocutory award only to a party who has established his entitlement to some relief on the merits of his claims, either in the trial court or on appeal.... [T]he award of counsel fees pendente lite would be ‘especially appropriate where a party has prevailed on an important matter in the course of litigation, even when he ultimately does not prevail on all issues.’ ”
Id. at 757, 100 S.Ct. at 1989 (citations omitted) (emphasis in original).
The trial court rejected the defendants' request for pendente lite attorney fees in connection with the dismissed equal protection and due process claims. We find no abuse of discretion in that action. It appears the trial court’s intent was to deny a pendente lite request and defer a decision on attorney fees until further litigation is had and a final judgment on all claims is entered. As indicated, we affirm on this ground so as not to foreclose a decision by the court to fashion an award for defendants, if appropriate, at some later date.
In the present suit, although the plaintiff’s amended complaint presents alternative theories of recovery, the plaintiff seeks relief for only one injury — the city’s refusal to hire her for its Victim/Witness Assistance Program. Because the plaintiff’s claims involve a common core of facts and are based on related legal theories, it is
very likely that if the trial court had decided to award the defendants a fee, it would have had difficulty separating the amount of counsel’s time spent on the dismissed claims from that spent on the claims surviving defendants’ summary judgment motion. In such a case, it seems very logical to deny a pendente lite fee request to avoid difficult calculation problems. Cf. Hensley v. Eckerhart, — U.S. -, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (difficulty of calculating award for plaintiff on a claim-by-claim basis if claims related). It seems that the most common reason for awarding pendente lite fees is to boost the sagging resources of an already successful plaintiff when the cost of protracted constitution litigation takes a toll on the plaintiff’s finances and hinders his ability to follow the claim to its conclusion. See e.g., Bradley v. School Board of Richmond, 416 U.S. 696, 723, 94 S.Ct. 2006, 2022, 40 L.Ed.2d 476 (1974). Such rationale not being applicable to the instant case, we, as indicated, find no abuse of discretion in the trial court’s action.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur.