On January 30, 1998, this Court released an opinion in Exparte Horn, 718 So.2d 694 (Ala. 1998), wherein we held that the residents/plaintiffs involved in this litigation are entitled to recover attorney fees from the City of Birmingham (the City) under the "common-fund" or "common-benefit" theory.[1] Following remand to the trial court, both parties filed discovery requests addressing the question of a proper amount of attorney fees. During the pendency of discovery, the residents filed a motion seeking an interim attorney fee in the amount of $300,000 and to compel discovery of certain items. On July 7, 1998, after ore tenus proceedings, the trial court entered an order awarding the residents an interim attorney fee in the amount of $50,000, to be subtracted from the final attorney-fee award. The trial court also granted the motion to compel and ordered the City to comply with the discovery requests of the residents. On July 22, 1998, the City petitioned for a writ of mandamus. The City requests that this Court (1) direct the trial to vacate the July 7, 1998, award of an interim attorney fee and order to comply with the discovery requests of the residents and (2) overrule the decision in Ex parte Horn, supra.
On December 7, 1998, during the pendency of the petition for a writ of mandamus, the trial court conducted a four-day evidentiary hearing on the issue of the final award of an attorney fee. The trial court ordered the parties to submit proposed findings of fact and conclusions of law on the issue of the final award of an attorney fee. On January 29, 1999, the parties filed their proposed findings of fact and conclusions of law. On February 1, 1999, the residents filed a renewed motion for an interim attorney fee. On February *Page 391 
17, 1999, the trial court granted the motion of the residents and entered a written order. The trial court withdrew its July 7, 1998, order awarding the residents a $50,000 interim attorney fee, and awarded the residents a $250,000 interim attorney fee. The City filed a motion to "reconsider" and for a stay, which the trial court denied.
On March 1, 1999, the City filed a second petition for a writ of mandamus. The second petition addresses the February 17, 1999, order awarding the residents a $250,000 interim attorney fee. Along with the petition, the City filed a motion to stay proceedings in the trial court. On March 18, 1999, this Court granted a stay of proceedings and entered an order consolidating the two petitions filed by the City.
All but one of the issues raised in the City's first petition are now moot because the parties have completed discovery, the trial court held an evidentiary hearing on the merits on the issue of the final award of an attorney fee, and the trial court withdrew its July 7, 1998, order awarding an interim attorney fee of $50,000. The remaining issue of the first petition is also raised in the second petition and will be addressed as part of our discussion of the City's second petition.
In its second petition for a writ of mandamus, the City requests that this Court (1) direct the trial court to vacate its February 17, 1999, order awarding the residents a $250,000 interim attorney fee, and (2) overrule our decision in Ex parte Horn,supra. The remaining issue from the first petition is issue number two of the second petition.
"A writ of mandamus is an extraordinary remedy that requires the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court." Ex parte McNaughton, 728 So.2d 592, 594 (Ala. 1998).
 I.
The City argues that the February 17, 1999, order should be vacated for two reasons: (1) the trial court abused its discretion in awarding an interim attorney fee in the context of this action, and (2) the trial court abused its discretion in awarding an interim attorney fee without entering any specific findings of fact. In its first argument, the City recognizes that the trial court, through its equitable power, has the authority to award an interim attorney fee, but contends that "there [are no] equitable reasons or other circumstances justifying an interim award of fees in this action." We disagree.
Generally the parties to a lawsuit bear the responsibility of paying their own attorney fees. Ex parte Horn, supra. In this case, this Court has held that the residents are entitled to an attorney fee under the "common-fund" or "common-benefit" exception to the general rule. Id. In the ordinary case where the award of an attorney fee is authorized by a statute or under the "common-benefit" theory, but the case does not involve complex or protracted litigation, the party seeking an attorney fee is not entitled to an interim or pendente lite attorney fee. "[T]he most common reason for awarding [an interim attorney fee] is to boost the sagging resources of an already successful plaintiff when the cost of protracted constitution[al] litigation takes a toll on the plaintiff's finances and hinders his ability to follow the claim to its conclusion." City of Tuscaloosa v. Mountain,448 So.2d 962, 964 (Ala.Civ.App. 1984) (citing Bradley v. School Board ofRichmond, 416 U.S. 696, 723 (1974)). See also Hanrahan v.Hampton, 446 U.S. 754 (1980). Only in rare cases involvingcomplex or protracted litigation may the trial court award an interim or pendente lite attorney fee to the prevailing party.See, Mountain, Hanrahan, and Bradley, supra. Additionally, "[t]he determination of whether an attorney fee is reasonable is within the sound discretion of the trial court and will *Page 392 
not be disturbed on appeal absent an abuse of that discretion."Ex parte Edwards, 601 So.2d 82, 85 (Ala. 1992).
The residents initiated this litigation in 1993, and this case has continued for over six years and has involved three prior appellate proceedings. Ex parte Horn, supra; Horn v. City ofBirmingham, 718 So.2d 691 (Ala.Civ.App. 1997); Horn v. City ofBirmingham, 648 So.2d 607 (Ala.Civ.App. 1994). Additionally, one of the residents intervened in a lawsuit between the City and Browning Ferris Industries of Alabama, Inc. (BFI), one of the defendants below, to protect the judgment in this litigation. Exparte Horn, 718 So.2d at 700. Moreover, in this litigation the residents sued to require that the City follow its own regulations and thereby to ensure that the City comply with constitutional due-process requirements. Considering the protracted nature of this constitutional litigation and our previous decision in Exparte Horn that the residents are entitled to an attorney fee, we conclude that the City has not shown in this case that the trial court abused its discretion in awarding the $250,000 interim attorney fee, which is to be deducted from the total attorney fee award.
The City contends also that the trial court abused its discretion in awarding a $250,000 interim attorney fee without making specific factual findings. When a trial court is presented evidence ore tenus, its findings of fact are presumed correct and its judgment based on those findings of fact will not be reversed unless it is clearly erroneous, manifestly unjust, without supporting evidence, or against the great weight of the evidence.Odom v. Hull, 658 So.2d 442 (Ala. 1995). See also Smithv. Smith, 565 So.2d 72 (Ala. 1990), and Seidler v. Phillips,496 So.2d 714 (Ala. 1986). Moreover, it is well settled in Alabama that, where the trial court has considered oral testimony in reaching its decision and that testimony is not before this Court, the testimony is presumed sufficient to support the judgment.Smith and Seidler.
In the February 17, 1999, order, the trial court awarded an interim attorney fee of $250,000 "[a]fter considering all of the evidence of record; after having conducted a full blown evidentiary hearing regarding the award of final fees; after considering the full record on appeal, all relevant legal authorities, pleadings, and briefs of the parties; and after considering the arguments of all of the parties." The appendix to the City's second petition does not include any testimony, "the full record on appeal," or the "evidence of record." Accordingly, we presume that the testimony before the trial court was sufficient to support the award of the $250,000 interim attorney fee. Therefore, the City has not shown a clear legal right to the order sought with regard to the award of the interim attorney fee.
The City requests further that we overturn our decision in Exparte Horn, supra, in which we held that the residents are entitled to an attorney fee under the "common-fund" exception. However, we decline to do so.
Our prior decision in this case, Ex parte Horn, is the law of this case. Glasscock v. Wallace, 488 So.2d 1346 (Ala. 1986). The City's request that we overturn our decision in Ex parte Horn
amounts to a second application for rehearing. "No second application for rehearing will be considered unless the rehearing reversed or substantially modified the original opinion of the court." Rule 40, Ala.R.App.P.; Glasscock.
The City has not shown a clear legal right to the order sought. The writ is denied for the foregoing reasons.
WRIT DENIED.
Hooper, C.J., and Maddox, Houston, Cook, See, Lyons, Brown, and England, JJ., concur.
[1] This case has a long procedural history giving rise to this litigation. The procedural history and the facts of this litigation are thoroughly discussed in the Horn opinion. *Page 393