DONALDSON, Judge.
Guardians ad litem appointed to represent the interests of minor children in domestic-relations cases are entitled to receive reasonable fees for them services. See § 26-2A-52, Ala.Code 1975, and Rule 17, Ala. R. Civ. P. This appeal raises the questions whether the Jefferson Circuit Court (“the trial court”) awarded an unreasonable fee to a guardian ad litem appointed to represent the interests of a child in a divorce case, whether the trial court erred in determining that the guardian ad litem’s fee in such a case is hot limited to the rate specified in § 15-12-21, Ala.Code 1975, and whether the trial court erred by failing to join a child as a party to the divorce proceedings. We affirm the trial court’s judgment.

Background

Joseph Alan Roberts (“the husband”) filed a complaint for a divorce against Pamela Stephens Roberts (“the wife”) on May 20, 2013. The wife answered and filed a counterclaim for a divorce. At the time the complaint was filed, one child, W.R., had been born of the marriage. In a motion filed on December 11, 2013, the husband alleged that the wife had become pregnant by another man while the parties were separated and had given birth to a child, T.F., in November 2013. The husband requested that the trial court enter an order requiring the husband and T.F. to undergo DNA testing to determine whether the husband was the biological father of T.F. The husband also requested the trial court to appoint a guardian ad litem “for the minor child.” The record indicates that the wife did not immediately oppose the husband’s motion. The trial court entered an order on January 22, 2014, ordering the husband and T.F. to undergo DNA testing at the wife’s expense. In that order, the trial court appointed a guardian ad litem for W.R., without mentioning T.F., and directed the wife to deposit $2,500 with the trial-court clerk as security for the costs of the guardian ad litem. Although the trial court’s order specifically appointed the guardian ad litem to represent the interests of W.R., it is apparent from the record that the guardian ad litem took efforts to represent the interests of both W.R. and T.F. On October 22, 2014, the guardian ad litem filed a motion to compel the wife to pay the $2,500 security into court pursuant to the trial court’s January 22 order. On November 12, 2014, the trial court granted the guardian ad litem’s motion to compel and ordered the wife to pay the $2,500 security into court within 14 days. On November 21, 2014, the wife filed a motion objecting, for the first time, to the provision of the January 22, 2014, order requiring her to pay $2,500 into court as security for the guardian ad litem’s fee and asking the trial court to set aside the requirement. The wife contended that the amount of $2,500 as security for the guardian ad litem’s fee was arbitrary and unreasonable. She further contended that the rate of compensation for the guardian ad litem should be governed by § 15-12-21, the provision of the Code governing payment for defense of indigent defendants. The trial court did not immediately rule on the wife’s motion.
On January 8, 2015, the trial court entered a divorce judgment that incorporated a settlement agreement reached by the parties. The judgment contained a provision stating that the husband was not the *81 biological father of T.F. The judgment did not address the issue of the guardian ad litem’s fee. On January 15, 2015, the trial court entered an order directing the trial-court clerk to pay the guardian ad litem the amount of $2,500 that it had ordered the wife to pay into court in its orders of January 22, 2014, and November 12, 2014. The record' shows that the wife had not paid the funds into court as ordered. On January 20, 2015, the guardian ad litem submitted a detailed time sheet indicating that he had provided 7.7 hours of services in the matter.
On January 22, 2015, the wife filed a motion to alter, amend, or vacate the trial court’s January 15, 2015, order, raising arguments similar to those asserted in her November 21, 2104, motion — that the guardian ad litem’s fee was unreasonable and that the guardian ad litem’s compensation should be governed by and limited to the rate set forth in § 15-12-21. Oh January 22, 2015, the guardian ad litem filed a motion for a finding of contempt against the wife, alleging that the wife had not complied with the trial court’s' previous orders directing her to pay the $2,500 security into court. On January 30, 2015, the trial court entered an order vacating its order of January 15, 2015. The trial court scheduled a hearing for February 3, 2015. No transcript of that hearing has been provided to this court.
On February 12, 2015, the trial court entered a final judgment on the issue of the guardian ad litem’s fee, ordering the wife to pay the guardian ad litem $1,540 within 14 days. That same day, the trial court entered an order denying the wife’s November 21, 2014, motion. On February 27, 2015, the wife filed a petition for a writ of mandamus in this court seeking to set aside the trial court’s February 12, 2015, order. This court elected to treat the petition as an appeal. See Niezer v. SouthTrust Bank, 887 So.2d 919, 923 (Ala.Civ.App.2004) (“attorney-fee matters are separate and distinct from "matters going to the merits of a dispute and ... an appeal may be taken from a final judgment as to either aspect of a case”). On appeal, the wife contends that the trial court set an unreasonable fee for the guardian ad litem, that the guardian ad litem’s fee should be governed by and limited to the rate provided in § 15-12-21, and that the trial court erred in not joining T.F. as a party to the divorce action.

Discussion

, Generally, a trial court has the authority to appoint a guardian ad litem to represent a child in a divorce proceeding and to order a reasonable fee to be paid for the guardian ad litem’s services. See § 26-2A-52, Ala.Code 1975, and.Rule 17, Ala. R. Civ. P. Rule 17(d), which governs the appointment and compensation of .guardians ad litem, provides, in pertinent part:
“Whenever a guardian ad litem shall be necessary, the court in which the action is pending shall appoint to serve in that capacity some person who is qualified to represent the minor or incompetent person in the capacity .of an attorney or solicitor_ In all cases in . which a guardian ad litem is- required, the court must ascertain a reasonable fee or compensation to be allowed and paid to such guardian ad litem for services rendered in such cause, to be taxed as a part of the costs in such action, and which is to be paid when collected as other costs in the action, to such guardian ad litem.”
The rule does not specify the rate of compensation for a guardian ad litem’s services. Instead, the rule provides that the trial court is to determine a “reasonable fee or compensation” for the guardian ad litem’s services. ■
The wife contends that the Alabama Legislature, by enacting § 15-12-21, has *82 established a reasonable rate of compensation for services rendered by guardians ad litem who represent children in the trial courts. The wife contends that the plain language of § 15-12-21 required the trial court to enter an order setting the guardian ad litem’s compensation at the rate of $70 per hour. Section 15-12-21 provides, in pertinent part:
“(b) If it appears to the trial court in a delinquency case, need of supervision case, or other judicial proceeding in which a juvenile is a party, that the juvenile is entitled to counsel and that the juvenile is not able financially or otherwise to obtain the assistance of counsel or that appointed counsel is otherwise required by law,' the court shall appoint counsel to represent and assist the juvenile or act in the capacity of guardian ad litem for the juvenile. It shall be the duty of the appointed counsel, as an officer of the court and as a member of the bar; to represent and assist the juvenile to the best of his or her ability.
[[Image here]]
“(d) If the appropriate method for providing indigent defense services is by appointed counsel in a cáse described in subsections (a); (b), and (c), including cases tried de novo in circuit court on appeal from a juvenile proceeding, appointed counsel shall be entitled to receive for their services a fee to be approved by the trial court. The amount of the fee shall be based on the number of hours spent by the attorney in working on the case.-- The amount of the fee shall be based on the number of hours spent by the attorney in working on the case and shall be computed at the rate of seventy dollars ($70) per hour for time reasonably expended on the case....
“(e) Within a reasonable time after the conclusion of the trial or ruling on a motion for a new trial or after an acquittal or other judgment disposing of the case, not to exceed 90 days, counsel shall submit a bill for services rendered to the office. The bill shall be accompanied by a certification by the trial .court that counsel provided representation to the indigent defendant, that the matter has been concluded, and that to the best of his or her knowledge the bill is reasonable based on the defense provided. The trial court need not approve the items included on the bill or the amount of the bill, but may provide any information requested by the office or the indigent defense .advisory board relating to the representation. The bill for compensation of appointed counsel shall be submitted to the office. After review and approval, the office shall recommend to the Comptroller that the bill be paid. The office may forward the bill to the indigent defense advisory board for review and comment prior to approval. The Comptroller shall remit payment in a timely manner.”
The wife contends that the phrase “other judicial proceeding in which a juvenile is.a party” in subsection (b). of § 15-12-21 encompasses a divorce case in the circuit court in which a guardian ad litem has been appointed to represent a child; thus, she argues, the guardian ad litem’s fee in this case could , not exceed the rate of $70 per hour established by subsection (d) of § 15-12-21.
The following principles govern our interpretation of a statute: •
“The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. Words used in a statute must be given their natural, plain, ordinary, and commonly under *83 stood meaning, and where plain language is used a court is .bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect. Tuscaloosa County Comm’n v. Deputy Sheriffs’ Ass’n of Tuscaloosa County, 589 So.2d 687 (Ala.1991).”
IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992). We first note that § 15-12-21 provides the scheme established by the legislature for compensating state-appointed counsel of indigent persons who are parties to certain court proceedings. Although the legislature, through other statutes, has also applied the rate of compensation set forth in subsection (d) of § 15-12-21 to certain civil proceedings,[1] neither § 15-12-21 nor any other statute has established a specific rate of compensation for a guardian ad litem appointed to represent the interests of a child in a divorce matter. We éxam-ine, then, the wife’s contention that the phrase “other judicial proceeding in which a juvenile is a party” in subsection (b) of § 15-12-21 includes a divorce case.
Section 15-12-1, Ala.Code 1975,. contains definitions of terms that are used in Chapter 12 of Title 15, the portion of the Alabama Code that pertains to the defense of indigents in court proceedings. As our appellate courts have previously held, “[a]ll sections of a Chapter must be considered in pari materia in determining ‘the meaning of certain language that is, when viewed in isolation, susceptible to multiple reasonable .meanings.’” Department of Mental Health & Mental Retardation v. Bendolph, 808 So.2d 54, 56 (Ala.Civ.App.2001) (quoting Ex parte Alfa Fin. Corp., 762 So.2d 850, 853 (Ala.1999)). The term “juvenile” as.it appears in subsection (b) of § 15-12-21 is not defined. The term “indigent defendant,” however, is defined in § 15-12-1(4), Ala.Code 1975, as:
“Any person involved in a criminal or juvenile proceeding in the-trial or appellate courts of the state for which proceeding representation by counsel is constitutionally required or is authorized or required by statute or court rule, including parents of children during the termination of parental rights hearings, who under oath or affirmation states that he or she is unable to pay for his or her representation, and who is found by the court to be financially unable to pay for his or her representation based on a written finding as further provided below that the person is indigent based [on certain criteria]_” .
(Emphasis added,) A divorce case on the domestic-relations docket of the circuit court is not a criminal or a juvenile proceeding. Furthermore, subsection (d) of § 15-12-21 provides that counsel is to receive a fee for services “[i]f the appropriate method for providing indigent defense services is by appointed counsel in a case described in subsections (a), (b), and (c)_” .Section 15-12-1(5) defines the term “indigent defense' services” as “[t]hose.legal services that are necessary for representation of an indigent defendant.” It follows that. § 15-12-21 is appropriately read in para materia with the definitions in § 15-12-1 and that the phrase “other judicial proceeding in which a juvenile is a party” does not include a *84 divorce case affecting minor children of the divorcing parties. Thus, § 15-12-21(b) has no field of operation in a divorce "action, such as the current case, in -which a guardian ad litem is appointed to represent the interests of a child, and the establishment of “reasonable fee or compensation” for the guardian ad litem -is not governed by § 15-12-21.[2]
We now turn to the question whether the trial court’s award of a guardian-ad-litem fee in the amount of $1,540 was unreasonable. As this court held in Pharmacia Corp. v. McGowan, 915 So.2d 549 (Ala.2004):
“The determination of whether an attorney fee is reasonable is within the sound discretion of the trial court and its determination on such an issue will not be disturbed on appeal unless in awarding the fee the trial court exceeded that discretion. State Bd. of Educ. v. Waldrop, 840 So.2d 893, 896 (Ala.2002); City of Birmingham v. Horn, 810 So.2d 667, 681-82 (Ala.2001); Ex parte Edwards, 601 So.2d 82, 85 (Ala.1992), citing Varner v. Century Fin. Co., 738 F.2d 1143 (11th Cir.1984).
“This Court has set forth 12 criteria a court might consider-when determining the reasonableness of an attorney fee:
“ ‘(1) [T]he nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) thé time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the -time limitations 'imposed by the client or by the circumstances.’
“Van Schaack v. AmSouth Bank, N.A, 530 So.2d 740, 749 (Ala.1988). These criteria are for purposes of- evaluating whether an attorney fee is reasonable; they are not an exhaustive, list of specific criteria that must all be met. Beal Bank v. Schilleci, 896 So.2d 395, 403 (Ala.2004), citing Graddick v. First Farmers & Merchants Nat’l Bank of Troy, 453 So.2d 1305, 1311 (Ala.1984).
“We defer to the trial court in an attorney-fee case because we recognize that the trial court, which has presided over the entire litigation, has a superior understanding of,the factual questions that must be resolved in an attorney-fee determination. Horn, 810 So.2d at 681-82, citing Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Nevertheless, a trial court’s order regarding an attorney fee must allow for meaningful appellate review by articulating the decisions made, the reasons supporting those decisions, and how it calculated the attorney fee. Horn, 810 So.2d at 682, citing American Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 427 (11th Cir.1999); see also Hensley, 461 U.S. at 437, 103 S.Ct. 1933.”
915 So.2d at 552-53.
“Although all of the criteria set forth above must be taken into consideration *85 by the trier of the facts in determining a proper counsel fee—and it has been said that all of these factors should be utilized and applied as the facts so indicate—it is generally recognized that the first yardstick that is used by the trial judges is the time consumed.” .
Peebles v. Miley, 439 So.2d 137, 141 (Ala.1983). Additionally, when a trial court makes an award of attorney fees, it
“is not required to set forth a detailed analysis of all the applicable factors considered by it in exercising its discretion in establishing a reasonable attorney fee. However, where the trial court’s order does not articulate the basis for its attorney-fee award, we are left to search the record for the basis for the award. The record ‘must allow for meaningful appellate review by articulating the decisions made, the reasons supporting those decisions, and how it calculated the attorney fee.’ Pharmacia [Corp. v. McGowan], 915 So.2d [549] at 553 [ (Ala.2004) ].”
Diamond Concrete & Slabs, LLC v. Andalusia-Opp Airport Auth., 181 So.3d 1071, 1076 (Ala.Civ.App.2015). Furthermore,
“[p]arties seeking ‘an attorney fee bear the burden of proving their entitlement to an award and documenting their appropriately expended hours.’ Beal Bank[, SSB v. Schilleci], 896 So.2d [395] at 408 [ (Ala.2004) ] (citing City of Birmingham v. Horn, [810 So.2d 667 (Ala.2001) ]). ‘[A] trial court may not order one party to pay another party’s attorney’s fees without first receiving evidence of the amount of those fees and then determining the reasonableness of that amount.’ A.B. v. J.B., 40 So.3d 723, 735 (Ala.Civ.App.2009) (reversing an order requiring wife to pay husband’s attorney fees that was entered without any evidence as to the amount of fees)....
[[Image here]]
“Although evidence regarding all the factors listed in Van Schaack[ v. AmSouth Bank, NA., 530 So.2d 740 (Ala.1988),] need not be presented, , the party seeking an award of attorney fees must present sufficient evidence to the trial court to support the .amount awarded and to provide the party against whom fees are sought a meaningful basis from which the ’ fees awarded can be challenged. See, e.g. Wehle[ v. Bradley, [Ms. 1101290, March 14, 2014]] (‘ “[T]he trial court’s order regarding an attorney fee must allow for meaningful review by articulating the decisions made, the reasons supporting those decisions, and the performance of the attorney-fee calculation.” ’ (quoting City of Birmingham v. Horn, 810 So.2d at 682)).”
Major Millworks, Inc. v. MAE Hardwoods, Inc., 187 So.3d 714, 724 (Ala.Civ.App.2015).
The trial court’s February 12, 2015, judgment did not articulate the- basis for the award of the fee to the guardian ad litem.. The record, .however, shows that the guardian ad litem supported his request for a fee with an itemization of services that he filed with the trial court on January 20, 2015. The itemization details each action or service that the guardian ad litem performed during the case and indicates- that he- provided 7.7 total hours of service. In his opposition to the wife’s postjudgment motion of January 22, 2015, the guardian ad litem noted that-the trial court “routinely and customarily determines reasonable fees in the Domestic Relations Court, which coincide with a private practice attorney’s customary rate.” The trial court held a hearing regarding the guardian ad litem’s fee request, and the wife concedes in her brief to this court that guardian ad litem requested a $200 per hour rate. The $1,540 fee approved by the *86 trial court amounts to a rate of $200 per hour ($200 x 7.7. = $1,540).. After a careful review of the record, we conclude that the trial court acted within its discretion in awarding the guardian ad litem a fee of $1,540 and that the trial court’s determination of that amount is reasonable and not subject to reversal.
The wife also contends that the trial court erred by not joining T.F. as a party to the case. See Ex parte Martin, 565 So.2d 1 (Ala.1989). Although the record shows that the wife did not raise this issue in the trial court, our supreme court has held that “‘[t]he failure to join an indispensable party may be raised for the first time on appeal.’ ” Jakeman v. Lawrence Grp. Mgmt. Co., 151 So.3d 1083, 1091 (Ala.2014) (quoting Prattville Mem’l Chapel v. Parker, 10 So.3d 546, 560 (Ala.2008)). The wife claims the child was an indispensable party to the proceedings. This issue is not properly before this court because the wife appealed only from the trial court’s February 12, 2015, judgment ordering the wife to pay the guardian li-tem’s fee within 14 days. '
The wife's argument regarding the failure of the trial court to join an indispensable .party addresses an issue related to the trial court’s January 8, 2015, divorce judgment. The trial court’s decision to defer ruling on the issue of the guardian ad litem’s fee did not affect the:finality of the divorce judgment. Although the wife filed a motion to alter, amend, or vacate pursuant to Rule 59(e), Ala. R. Civ. P., on January 22, 2015, she specifically directed that motion to the trial court’s January 15, 2015, order directing the clerk to pay the previously ordered amount of security to the guardian ad litem. In that motion, the wife stated that she “and her undersigned counsel of record wish to be clear: there is no intent whatsoever in this [motion] to disturb the Final Judgment of Divorce between the parties previously' entered by this Honorable Court on January 8, 2015.” The January 22, 2015, motion did not constitute a Rule 59(e) motion with respect to the divorce judgment. Therefore, the January 22, 2015, motion did not suspend the running of the 42-day period prescribed by Rule 4(a)(1), Ala. R.App. P., for the wife to file a notice of appeal from the January 8, 2015, divorce judgment. The wife filed a petition for a writ of mandamus on February 27, 2015, which this court has treated as a timely appeal from the trial court’s February 12, 2015, judgment awarding a fee to the guardian ad litem. To the extent the wife contends that she intended to appeal also from the January 8, 2015, divorce judgment, her notice of appeal from that judgment was untimely filed. Therefore, this court lacks jurisdiction to address that issue on appeal. See Parker v. Parker, 946 So.2d 480, 485 (Ala.Civ.App.2006) (“[A]n untimely filed notice of appeal ■results in a lack of appellate jurisdiction, which cannot be waived.”). '

Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. See Ala.Code 1975, § 22-52-14 (applying § 15r 12-21 to civil-commitment proceedings • in, probate court), § 22-11A-35 (applying § 15-12-21 to a guardian ad litem appointed in a case involving civil commitment for cpm-pulsory testing, treatment, and quarantine), and § 26-21-4 (applying § 12-12-21 to attorneys in a case .involving a Waiver of parental consent to an abortion).

. The wife contends that in AltaPointe Health Systems, Inc. v. Mobile County Probate Court, 141 So.3d 998 (Ala.2013), our supreme court • construed the language of § 15 — 12—21 to apply to appointments of guardians ad litem in civil-commitment proceedings in the probate courts. The wife fails to observe that § 22-52-14, Ala.Code 1975, the statute analyzed by the supreme court in AltaPointe, sets the rate of compensation for a guardian ad litem’s services in a civil-commitment proceeding at the rate established by § 15-12-21.