Rel:  November 8, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

―――――――――――――

### CL-2023-0570

―――――――――――――

### Drew S. Deaton

### v.

### Leanne W. Deaton

### Appeal from Jefferson Circuit Court
### (DR-18-901324.03)

PER CURIAM.

Drew S. Deaton ("the father") and Leanne W. Deaton ("the mother") were divorced by a 2019 judgment entered by the Jefferson Circuit Court ("the trial court").  The trial court modified the original divorce judgment

in a judgment entered on May 12, 2021; that judgment incorporated an agreement of the parties. Ten days later, on May 22, 2021, the father filed a petition in the trial court that, among other things, sought to have the mother held in contempt for violations of the divorce judgment, as modified, and sought clarification and enforcement of the visitation provisions of the divorce judgment, as modified.[1]

In November 2021, the trial court, acting sua sponte, appointed Clotele H. Brantley as guardian ad litem for the parties' children. In the order appointing Brantley, the trial court ordered both the father and the mother to pay into the office of the trial-court clerk the sum of $2,500 as a "retainer for the fees of the guardian ad litem." In various motions filed in response to the sua sponte appointment of Brantley, the father indicated that he had no objection to the appointment of a guardian ad litem for the children, but he requested that the trial court appoint someone other than Brantley. The trial court denied that request.

In May 2022, the mother filed a counterclaim for modification, in which she sought a modification of the custody, visitation, and child-support provisions of the divorce judgment, as modified. On June 30,

---

[1]The father amended his petition at least three times.

2022, the trial court entered an order dismissing, with prejudice, the father's petition, as finally amended, as a sanction for his failure to comply with numerous discovery requests propounded by the mother. The action proceeded on the mother's counterclaim.

In December 2022, Brantley filed a motion requesting that she be "[a]warded additional [a]ttorney [f]ees [because her] time in this case has exceeded the initial deposit of $5000.00."[2] Brantley did not provide an itemization of the time that she had expended on the action. The trial court granted Brantley's motion on December 26, 2022, requiring "each party [to] pay an additional retainer to [Brantley] of $2,500.00 (Two-Thousand Five Hundred Dollars and no/100)." On January 23, 2023, the father filed a motion requesting that Brantley provide a detailed bill to support her request for additional interim guardian ad litem fees and requesting an evidentiary hearing on the reasonableness of those fees.

In April 2023, the father again filed a motion seeking a detailed bill or accounting from Brantley to support her request for additional interim guardian ad litem fees and requesting an evidentiary hearing on the

---

[2]The trial court had ordered the disbursement of the original $5,000 paid into the clerk's office to Brantley.

reasonableness of the interim guardian ad litem fees. The trial court denied the request for an evidentiary hearing "at this time" but instructed Brantley to provide detailed billing to support her request for additional interim guardian ad litem fees. Before Brantley filed an interim billing statement, the father filed what he entitled a "Supplemental Motion to Disqualify the Guardian Ad Litem Based on Formal Alabama State Bar Opinion," to which Brantley responded. As instructed by the trial court, Brantley provided an interim billing statement in which she indicated that the current balance of the interim guardian ad litem fees, after deduction of the two $5,000 payments she had apparently already received from the parties, was $18,350. Brantley also filed a motion seeking additional fees with which to pay a contract paralegal to assist her in preparing for trial; the trial court denied that motion.

The father then filed an objection to Brantley's interim guardian ad litem fees. In that objection, the father requested an evidentiary hearing on the reasonableness of Brantley's interim guardian ad litem fees. He also again requested that the trial court remove Brantley as the children's guardian ad litem. On May 6, 2023, the trial court "overruled"

the father's objection to Brantley's interim guardian ad litem fees and denied the father's request for an evidentiary hearing "as it would increase the already documented fees of [Brantley] and be an unreasonable use of court time and resources." The trial court also specifically found that Brantley's interim guardian ad litem fees were reasonable, noting that the modification action had been pending for over two years, during which Brantley had attended numerous court hearings, had responded to various motions, and had spoken with the children, the parties, the attorneys, and various professionals involved with the children and the parties. The father sought reconsideration of the denial of his request for a hearing, which the trial court denied.

On May 24, 2023, Brantley filed a motion seeking to be paid the unpaid $18,350 in interim guardian ad litem fees. In response, the father filed a renewed motion to remove Brantley as the children's guardian ad litem; in the alternative, he requested that the trial court clarify or limit Brantley's role. He also filed a motion requesting that Brantley be required to produce the 231 e-mails that Brantley had itemized in her interim billing statement, to which Brantley responded by requesting

that, if the trial court were inclined to grant the father's request, it exclude the e-mails that were "work product" or were not billed.

On June 5, 2023, the trial court granted Brantley's motion for payment. In its order, the trial court ordered the father and the mother to pay the $18,350 balance due on the interim billing statement upon receipt of a statement from Brantley and before the trial of the modification action, which was scheduled for June 7, 2023. In a separate order also entered on June 5, 2023, the trial court denied the father's motion to remove Brantley, his request for clarification and limitation of Brantley's role as guardian ad litem, and his motion for the production of the e-mails.

The father then filed a "brief" on the imposition of the interim guardian ad litem fees. In that "brief" the father again requested a hearing on the reasonableness of Brantley's interim guardian ad litem fees. The trial court set an "evidentiary hearing" on the father's "brief" for July 21, 2023. On July 20, 2023, Brantley filed a motion to show cause, arguing that the father should be held in contempt for failing to pay his half of the $18,350 in interim guardian ad litem fees. At the July 21, 2023, hearing, the trial court explained that the hearing was not

6

intended to be a hearing on the reasonableness of the interim guardian ad litem fees and was instead a hearing to determine whether a hearing on the reasonableness of the interim guardian ad litem fees was necessary. Thus, the trial court did not allow the father to call Brantley as a witness and took no evidence relating to the reasonableness of Brantley's interim guardian ad litem fees at the "evidentiary hearing."

On July 29, 2023, the trial court, relying solely on Brantley's interim billing statement, entered an order stating that the interim guardian ad litem fees were "acceptable" and ordering the father to pay his one-half of the outstanding interim guardian ad litem fees by Monday, August 31, 2023. Pursuant to Rule 60(a), Ala. R. Civ. P., the trial court amended the July 29, 2023, order on August 1, 2023, to correct a clerical error. The August 1, 2023, order clarified that the father was required to pay the outstanding interim guardian ad litem fees by Monday, <u>July</u> 31, 2023, but extended the time for payment until Wednesday, August 2, 2023, because of the typographical error in the July 29, 2023, order. The trial court again amended its order on August 6, 2023, stating that, if the interim guardian ad litem fees were not paid by August 14, 2023, the trial court would issue a separate order regarding a hearing on Brantley's

7

contempt motion. On August 14, 2023, the father filed a notice of appeal from the trial court's order requiring him to pay Brantley one-half of $18,350, or $9,175, in interim guardian ad litem fees.

As a preliminary matter, we must address the motions to dismiss the father's appeal filed by the mother and by Brantley. They both contend that, because the trial on the modification action has not concluded and because the trial court has not yet entered a judgment resolving the modification action, no final judgment exists from which the father's appeal can lie. See, e.g., Warren v. Warren, 94 So. 3d 392, 396 (Ala. Civ. App. 2012) (dismissing an appeal because the challenged order did not conclusively determine all pending claims and issues presented by the parties). Although we agree that no final judgment relating to the modification action exists in the present case, we are not inclined to dismiss the father's appeal.

The father argues that the order awarding guardian ad litem fees is itself a final judgment capable of supporting an appeal. See Roberts v. Roberts, 189 So. 3d 79, 81 (Ala. Civ. App. 2015) (treating a petition for the writ of mandamus seeking review of an order requiring a mother to pay $2,500 as a guardian ad litem fee as an appeal). As this court stated

8

in <u>Roberts</u>, an award of guardian ad litem fees is itself a final judgment because "'attorney-fee matters are separate and distinct from matters going to the merits of a dispute and … an appeal may be taken from a final judgment as to either aspect of a case.'" 189 So. 3d at 81 (quoting <u>Niezer v. SouthTrust Bank</u>, 887 So. 2d 919, 923 (Ala. Civ. App. 2004)); <u>see also</u> <u>Kimbrough v. Dickinson</u>, 251 Ala. 677, 681, 39 So. 2d 241, 244 (1949) (considering an appeal from an order denying a request for an attorney's fee despite the fact that the probate court had not yet entered a final settlement of the estate). However, there is a significant distinction between the guardian ad litem fees at issue in <u>Roberts</u> and those at issue in the present case. The guardian ad litem fees at issue in <u>Roberts</u> were not interim fees and were instead the total amount of the guardian ad litem fees assessed in a final judgment after the conclusion of the underlying divorce action. In contrast, in the present case, the guardian ad litem fees are merely interim fees, and the trial court's July 29, 2023, order is not a final judgment on the total amount of guardian ad litem fees owed to Brantley.

We are aware that our supreme court, in <u>Kelley v. Kelley</u>, 271 Ala. 683, 685, 127 So. 2d 616, 617 (1961), entertained an appeal from a

9

judgment ordering a solicitor's fee pendente lite and stating that the order granting that fee "is of such final force and effect as to support an appeal under Code 1940, Tit. 7, § 754," the predecessor statute to Ala. Code 1975, § 12-22-2, because "[t]he petition [seeking a solicitor's fee pendente lite] presented matters of a distinct and independent character on which a final decision was made." Notably, in Kelley, our supreme court also stated that "it has been held also that mandamus is appropriate 'as an emergency appeal' for the purpose of reviewing the trial court's action in denying … solicitors' fees pendente lite." Id. Indeed, historically, a petition for the writ of mandamus has been held to be the proper remedy for seeking review of an award or denial of a solicitor's fee pending resolution of a divorce action. See Ex parte Eubanks, 206 Ala. 8, 9, 89 So. 656, 656 (1921); see also Ex parte Tucker, 254 Ala. 222, 223, 48 So. 2d 24, 24 (1950); Ex parte Watson, 220 Ala. 409, 410, 125 So. 669, 669 (1930); Ex parte Wood, 215 Ala. 280, 281, 110 So. 409, 410 (1926); and Ex parte Dunlap, 209 Ala. 453, 455, 96 So. 441, 442 (1923). Our supreme court also considered the award of a "pendente lite" attorney fee via a mandamus petition in Ex parte City of Birmingham, 757 So. 2d 389, 391 (Ala. 1999). Thus, we are inclined to consider Kelley

to be an aberration in the law, and to conclude that mandamus review, rather than review on appeal, is available regarding order requiring a party to pay interim guardian ad litem fees. Therefore, instead of dismissing the father's appeal, we exercise this court's discretion to treat the notice of appeal filed by the father as a petition for the writ of mandamus. See Ex parte Jenkins, 318 So. 3d 515, 518 (Ala. Civ. App. 2020) (treating an appeal from an interlocutory order as a petition for the writ of mandamus when the appellant argued that the order from which he sought review was void).

Turning now to the merits of the argument raised by the father, we agree with the father that he has a right to contest Brantley's interim guardian ad litem fees in an evidentiary hearing held for that purpose. We recently stated in Morgan v. Morgan, 322 So. 3d 531, 536-37 (Ala. Civ. App. 2020), that our supreme court explained in Ex parte R.D.N., 918 So. 2d 100, 105 (Ala. 2005) (quoting Lolley v. Citizens Bank, 494 So. 2d 19, 21 (Ala. 1986)), that a "parent who might be assessed a guardian ad litem fee is 'entitled to an evidentiary hearing for the purpose of determining a reasonable fee for the guardian ad litem and an order setting forth "with some particularity the findings from the evidence

11

adduced."'   In compliance with the law as stated in <u>Morgan</u>, the trial court must hold an evidentiary hearing at which the father can challenge the itemization of Brantley's interim guardian ad litem fees.  Accordingly, we grant the father's petition and direct the trial court to vacate the July 29, 2023, order requiring the father to pay Brantley $9,175 in interim guardian ad litem fees and to hold an evidentiary hearing on the reasonableness of Brantley's interim guardian ad litem fees.

PETITION GRANTED; WRIT ISSUED.

Moore, P.J., and Edwards, J., concur.

Lewis, J., concurs in the result, without opinion.

Hanson, J., dissents, with opinion.

Fridy, J., recuses himself.

HANSON, Judge, dissenting.

I respectfully dissent from the decision to conduct a mandamus review of the July 29, 2023, order awarding an interim guardian ad litem fee and to grant mandamus relief to Drew S. Deaton ("the father").

In a custody-modification action stemming from a judgment divorcing the father and Leanne W. Deaton ("the mother"), the Jefferson Circuit Court ("the trial court") appointed Clotele H. Brantley as guardian ad litem for the parties' children. After Brantley's fee had exceeded the initially ordered retainer and, yet, the litigation had not concluded, Brantley sought payment for an additional interim fee. Although she did not submit an itemized statement with her initial request for an interim fee award, Brantley subsequently submitted an itemized statement of her fee to the trial court and the parties. The father, among other things, challenged the reasonableness of Brantley's submitted fee and requested a hearing on the matter. Ultimately, the trial court denied the father's request for a hearing, found that Brantley's interim guardian ad litem fee was "acceptable," and ordered the father to pay one-half of the fee. The father appealed the decision.

The main opinion, recognizing that the trial court's order awarding payment of an interim guardian ad litem fee is an interlocutory, nonfinal, order, see Turner v. Turner, 210 So. 3d 603, 611 (Ala. Civ. App. 2016); and Stone v. Haley, 812 So. 2d 1245, 1246 (Ala. Civ. App. 2001) (recognizing that only a final judgment will support an appeal), has exercised discretion and has conducted a mandamus review. See Ex parte Landry, 117 So. 3d 714, 718 (Ala. Civ. App. 2013)("Upon a determination that a judgment is not final, this court has discretion to treat an appeal as a petition for a writ of mandamus."); and Norman v. Norman, 984 So. 2d 427, 429 (Ala. Civ. App. 2007)("The proper means of seeking appellate review of an interlocutory order in this court is to petition for a writ of mandamus.").

"'[M]andamus[, however,] is an extraordinary writ, and a mandamus petition is not a proper vehicle for review of every type of interlocutory order.'" J.R. v. J.H.R., 377 So. 3d 550, 551 (Ala. Civ. App. 2022) (citation omitted). In Ex parte Spears, 621 So. 2d 1255, 1258 (Ala. 1993), abrogated on other grounds by Ex parte Ziglar, 669 So. 2d 133 (Ala. 1995), our supreme court explained:

> "The tendency of this Court in the past has been to enlarge the scope of the extraordinary writ of mandamus by

14

recognizing certain exceptions to the general rule that orders ultimately reviewable on appeal from a final judgment are not subject to mandamus review. However, we should not continue to decide cases in a piecemeal fashion. For this reason, mandamus review will generally be restricted in the future to those cases where one of the recognized exceptions applies, or to those extraordinary cases where the rights of the parties cannot be adequately protected by appellate review of a final judgment."

In Ex parte U.S. Bank National Ass'n, 148 So. 3d 1060, 1064-65

(Ala. 2014), our supreme court observed that

"the use of mandamus review has essentially been limited to well recognized situations where there is a clear legal right in the petitioner to the order sought; an imperative duty upon the respondent to perform, accompanied by a refusal to do so; the lack of another adequate remedy; and properly invoked jurisdiction of the court. Those well recognized situations include making sure that an action is brought in the correct court (e.g., subject-matter jurisdiction and venue) and by the correct parties (e.g., personal jurisdiction and immunity), reviewing limited discovery rulings (e.g., patently irrelevant discovery), and reviewing erroneous decisions by a trial court where there is a compelling reason not to wait for an appeal (e.g., abatement)."

Notably, our supreme court did not include review of a trial court's award

of an interim attorney fee in the list.

To bolster its conclusion that mandamus review of the trial court's

award of an interim guardian ad litem fee is proper, the main opinion

relies on decisions of our supreme court issued in the first half of the 20th

15

century holding that a petition for a writ of mandamus is the proper vehicle to review a trial court's decision regarding an attorney-fee award in a pending divorce action. Ex parte Eubanks, 206 Ala. 8, 9, 89 So. 656, 656 (1921); see also Ex parte Tucker, 254 Ala. 222, 223, 48 So. 2d 24, 24 (1950); Ex parte Watson, 220 Ala. 409, 410, 125 So. 669, 669 (1930); Ex parte Wood, 215 Ala. 280, 281, 110 So. 409, 410 (1926); and Ex parte Dunlap, 209 Ala. 453, 455, 96 So. 441, 442 (1923). In Ex parte Watson, our supreme court explained the compelling reason supporting mandamus review of a trial court's interlocutory order regarding an attorney fee in a pending divorce action, stating:

> "It has also been long the practice to allow solicitor's fees to the wife as an aid in the maintenance of her suit; such allowance being regarded as somewhat in the nature of temporary alimony. McEvoy v. McEvoy, 214 Ala. 112, 106 So. 602 [(1925)]; Johnson v. Johnson, 195 Ala. 641, 71 So. 415 [(1916)]; Rast v. Rast, 113 Ala. 319, 21 So. 34 [(1896)]."

220 Ala. at 410, 125 So. at 669. Thus, our supreme court held that a wife's financial circumstances during that historical period constituted a compelling reason for mandamus review of a trial court's decision regarding an interim attorney-fee award.

The main opinion also cites Ex parte City of Birmingham, 757 So. 2d 389, 392 (Ala. 1999), in which our supreme court explained the

16

compelling reason for considering, via a mandamus petition, a "pendente lite" attorney-fee award, stating:

> "The residents initiated this litigation in 1993, and this case has continued for over six years and has involved three prior appellate proceedings. Ex parte Horn, [718 So. 2d 694 (Ala. 1998)]; Horn v. City of Birmingham, 718 So. 2d 691 (Ala. Civ. App. 1997); Horn v. City of Birmingham, 648 So. 2d 607 (Ala. Civ. App. 1994). Additionally, one of the residents intervened in a lawsuit between the City and Browning Ferris Industries of Alabama, Inc. (BFI), one of the defendants below, to protect the judgment in this litigation. Ex parte Horn, 718 So. 2d at 700. Moreover, in this litigation the residents sued to require that the City follow its own regulations and thereby to ensure that the City comply with constitutional due-process requirements. Considering the protracted nature of this constitutional litigation and our previous decision in Ex parte Horn that the residents are entitled to an attorney fee, we conclude that the City has not shown in this case that the trial court abused its discretion in awarding the $250,000 interim attorney fee, which is to be deducted from the total attorney fee award."

I do not find a comparable compelling reason to warrant mandamus review of a trial court's award of an interim guardian ad litem fee. A trial court's decision to grant or deny an interim guardian ad litem fee in a custody-modification action simply does not have the same gravity. First, the function of a guardian ad litem in a domestic-relations action is vastly different from the function of a party's attorney in a domestic-relations action or an action raising constitutional rights.

17

A guardian ad litem is appointed by a trial court "to zealously advocate for the best interests of the child[ren]." Jones v. McCoy, 150 So. 3d 1074, 1080 (Ala. Civ. App. 2013). A guardian ad litem is not a party in the custody action, see Jones, supra, does not represent a party in the action, and can be relieved of the appointment by only the trial court. J.-M.S. v. K.B.J., [Ms. CL-2022-1261, Apr. 19, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024). Possible roles of a guardian ad litem in a custody action include acting as counsel for the children, an investigator, a fact witness, and/or an expert witness. Rogers v. Rogers, 307 So. 3d 578, 589 (Ala. Civ. App. 2019). Accordingly, unlike a party's attorney who plays an integral role in a party's ability to maintain an action, a guardian ad litem serves at the direction of the trial court and is not a party's "aid in the maintenance of [the] suit." Ex parte Watson, 220 Ala. at 410, 125 So. at 669 (emphasis added). Consequently, I do not find the compelling reason presented in the cases cited by the main opinion to be applicable in this case.

Regarding the determination of a guardian ad litem's fee, I observe that "'a trial court has the authority … to order a reasonable fee to be paid for the guardian ad litem's services. See § 26-2A-52, Ala. Code 1975,

18

and Rule 17, Ala. R. Civ. P.' Roberts v. Roberts, 189 So. 3d 79, 81 (Ala.

Civ. App. 2015)." Thomson v. Shepard, 225 So. 3d 627, 633 (Ala. Civ.

App. 2016). In Ex parte Shinaberry, 326 So. 3d 1037, 1039-40 (Ala. 2020),

our supreme court discussed compensation for a guardian ad litem,

stating:

> "Rule 17(d), Ala. R. Civ. P., governs the use and compensation of guardians ad litem in civil cases and requires the assessment of a reasonable fee for the legal services rendered by a guardian ad litem. The rule, in pertinent part, provides:

>> "'(d) ... Whenever a guardian ad litem shall be necessary, the court in which the action is pending shall appoint to serve in that capacity some person who is qualified to represent the minor or incompetent person in the capacity of an attorney or solicitor .... In all cases in which a guardian ad litem is required, the court must ascertain a reasonable fee or compensation to be allowed and paid to such guardian ad litem for services rendered in such cause, to be taxed as a part of the costs in such action, and which is to be paid when collected as other costs in the action, to such guardian ad litem.'

> "'The matter of the guardian ad litem's fee is within the discretion of the trial court, subject to correction only for abuse of discretion.' Englund v. First Nat'l Bank of Birmingham, 381 So. 2d 8, 12 (Ala. 1980)(citing Commercial Standard Ins. Co. v. New Amsterdam Cas. Co., 272 Ala. 357, 362, 131 So. 2d 182, 186 (1961)).

19

"Although Rule 17(d) does not provide guidance on how a guardian ad litem's fee is to be established, this Court has applied the criteria that a court might consider when determining the reasonableness of an attorney fee:

"'"(1) [T]he nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances."'

"[Pharmacia Corp. v.] McGowan, 915 So. 2d [549,] 554-55 [(Ala. 2004)](quoting Van Schaack v. AmSouth Bank, N.A., 530 So. 2d 740, 749 (Ala. 1988)).

"'These criteria are for purposes of evaluating whether an attorney fee is reasonable; they are not an exhaustive list of specific criteria that must all be met. Beal Bank v. Schilleci, 896 So. 2d 395, 403 (Ala. 2004), citing Graddick v. First Farmers & Merchants Nat'l Bank of Troy, 453 So. 2d 1305, 1311 (Ala. 1984).'

"McGowan, 915 So. 2d at 553."

In Roberts v. Roberts, 189 So. 3d 79 (Ala. Civ. App. 2015), and

T.C.M. v. W.L.K., 248 So. 3d 1 (Ala. Civ. App. 2017), this court applied

the attorney-fee factors set forth in <u>Van Schaack v. AmSouth Bank, N.A.</u>, 530 So. 2d 740, 749 (Ala. 1988), to address the reasonableness of the awarded guardian ad litem fee.

With regard to the application of the factors set forth in <u>Van Schaack</u> to the determination of the reasonableness of a guardian ad litem fee, I note that a trial court, when appointing a guardian ad litem, is presumed to be aware of the nature and value of a guardian ad litem's services, the fee customarily charged by a guardian ad litem in that circuit in similar cases, the guardian ad litem's skills and reputation, and the gravity of the services to be performed. From a guardian ad litem's filings, participation in hearings, and submitted reports, a trial court learns the value of the guardian ad litem's performed services. An itemized statement submitted by a guardian ad litem provides insight into the number of hours the guardian ad litem has worked, the tasks performed by the guardian ad litem, the guardian ad litem's incurred expenses, and whether the duties of the guardian ad litem have precluded other employment.

Considering a trial court's knowledge, I am hesitant to read <u>Ex parte R.D.N.</u>, 918 So. 2d 100, 105 (Ala. 2005); and <u>Morgan v. Morgan</u>, 322

So. 3d 531, 536-37 (Ala. Civ. App. 2020), as broadly as the main opinion does so as to require the trial court to conduct an evidentiary hearing every time a party challenges the reasonableness of a guardian ad litem fee. In Ex parte R.D.N., a guardian ad litem submitted her fee request ex parte after the close of the evidence. The parties were not given an opportunity to review the requested fee and object to its reasonableness. Additionally, the record did not include a copy of the submitted fee. Because of the ex parte submission of the guardian ad litem's fee request and the lack of evidence in the record supporting the trial court's determination, our supreme court could not conduct a meaningful appellate review of the trial court's award and therefore, reversed the judgment in that regard and remanded the case for the trial court to conduct an evidentiary hearing that allowed the parties to challenge the determination and to create a record for appellate review.

In support of its holding in Ex parte R.D.N., our supreme court cited Van Schaack, supra. The record in Van Schaack did not contain any evidence regarding the services performed by that guardian ad litem, other than his presence at one hearing at which he examined a witness. Additionally, that trial court's final judgment awarding a guardian ad

litem fee did not "refer to the nature or character of the services performed by the guardian ad litem." 530 So. 2d at 750. Our supreme court vacated that trial court's judgment and ordered that trial court to conduct an evidentiary hearing to determine the reasonableness of the fee and to enter an order setting forth its findings based on the evidence. In both Ex parte R.D.N. and Van Schaack, the record on appeal contained no evidence or findings by the trial court to explain the services performed by the guardian ad litem, and, consequently, it was impossible for our supreme court to conduct a meaningful review of the trial court's award.

In Morgan, a guardian ad litem, like the guardian ad litem in Ex parte R.D.N., submitted her fee request after the conclusion of the trial, and the parties were not given an opportunity to contest its reasonableness. The wife, in that case however, challenged the reasonableness of the awarded guardian ad litem fee in her postjudgment motion, arguing that the trial court had erred by denying her an opportunity to object to the reasonableness of the fee. The trial court denied the wife's postjudgment motion without conducting a hearing. The wife appealed, and, on appeal, the husband agreed with the wife that

23

the trial court had erred by not conducting a postjudgment hearing to allow the wife an opportunity to object to the guardian ad litem's fee. No conflict existed on appeal between the positions of the husband and the wife on that issue; we reversed the trial court's judgment in that regard and remanded the case for the trial court to conduct a postjudgment hearing to allow the wife to challenge the reasonableness of the guardian ad litem's fee.

Each of the guardian ad litems in Van Schaack, Ex parte R.D.N., and Morgan submitted a fee request to the trial court, but not to the parties, and the parties were not given an opportunity to challenge the propriety of the awarded fee. In Van Schaack and Ex parte R.D.N., the trial court's orders did not provide findings in support of the award, and the records on appeal did not contain evidence of the services provided by the guardian ad litem to allow an appellate court to conduct a meaningful review. In Morgan, the husband agreed with the wife's position regarding the trial court's award of a guardian ad litem fee. I read these cases to require a guardian ad litem to submit his or her requested fee to both the trial court and the parties; to require the trial court to entertain an objection by a party to the reasonableness of the requested fee; to

24

require the trial court, if the party's objection has merit, to conduct a hearing; and to require the trial court to create a record that explains its determination. I believe that an itemized statement of a guardian ad litem's fee, a trial court's knowledge of the services provided by a guardian ad litem, a record that reflects those services, and an order that provides the trial court's findings regarding the reasonableness of the fee can adequately address a party's objection to an awarded guardian ad litem fee and allow a meaningful appellate review. In other words, in my opinion, these cases do not mandate that an evidentiary hearing must be conducted every time a party objects to the reasonableness of a guardian ad litem's fee; rather, these cases mandate that the record -- which may include, if needed, an evidentiary hearing -- disclose the evidence and findings upon which the trial court's determination rests and from which an appellate court may conduct a meaningful review to determine whether the trial court properly exercised its discretion.

In this case, Brantley submitted an itemized statement in support of her requested interim guardian ad litem fee to the trial court and the parties. The record on appeal, which contains 29 volumes, reflects that Brantley attended numerous hearings, several days of trial, and

25

communicated extensively with the parties and the children. Nothing in the record indicates that Brantley and the trial court have engaged in ex parte communication. Unequivocally, the record reflects Brantley's involvement in the case and the conduct of the parties toward Brantley and the services she has provided. The trial court explained on the record its findings supporting its conclusion that Brantley's requested interim guardian ad litem fee is reasonable. Therefore, I cannot agree that the trial court's failure to conduct a hearing on the reasonableness of Brantley's interim guardian ad litem fee constitutes a compelling reason for mandamus review. Indeed, the main opinion's holding ordering the trial court to conduct a hearing delays the trial court's determination of the best interests of the children, places Brantley in an adversarial position with at least one party before the conclusion of the litigation, increases the overall litigation expenses for the parties, and creates piecemeal review of Brantley's fee. Because this case does not present a compelling reason to support mandamus review of the award of an interim guardian ad litem fee to Brantley, I dissent from the decision to expand mandamus review to include such decisions.

Moreover, even if I am incorrect and mandamus review is proper, "'[a] petition for a writ of mandamus may not be granted where the petitioner has an adequate remedy by appeal.' Ex parte Amerigas, 855 So. 2d [544, ] 547 [(Ala. Civ. App. 2003)]." Ex parte Gallant, 261 So. 3d 350, 354 (Ala. Civ. App. 2017). Turner provides that review of an interlocutory order awarding an interim guardian ad litem fee is an order that can be reviewed on appeal. Turner, 210 So. 3d at 611. Because the father has an adequate remedy by appeal, I would deny the relief.

For the foregoing reasons, I respectfully dissent from the decision to exercise mandamus review, to grant the petition, and to issue a writ of mandamus.